**Kim R. SPARROW, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Rodney H. Pommer & Mrs. Rodney H. Pommer, individually and dba ROP'S Sierra Grocery, Defendants.**

No. CV–F–92–5796 OWW.

United States District Court, E.D. California, Fresno Division.

May 28, 1993.

Robert M. Twiss, Linda M. Anderson, U.S. Attorney's Office, Fresno, CA, for defendant U.S. Postal Service.

James H. Flanagan, Jr., Law Offices of James H. Flanagan, North Fork, CA, for plaintiff Kim R. Sparrow.

**MEMORANDUM OPINION GRANTING THE UNITED STATES POSTAL SERVICE'S MOTION TO DISMISS**

WANGER, District Judge.

## I

### INTRODUCTION

The United States Postal Service ("USPS") moves this Court to dismiss defendant, USPS, and remand this case to state court. For the reasons stated herein, the USPS's motion is **GRANTED.**

## II

### BACKGROUND STATEMENT

On April 10, 1992, plaintiff filed a complaint in Municipal Court, County of Fresno, against the United States Postal Service ("USPS"), Mr. and Mrs. Rodney Pommer ("the Pommers"), the owners of a building in Ahwahnee, California, where the Post Office leases space, and against certain unnamed defendants. Plaintiff alleges that on April 10, 1991, he "hit his head on the U.S. Postal Service sign hanging at the entrance of said premises." (Complaint at p. 2, ¶ 4). Plaintiff seeks compensatory damages for injuries allegedly sustained as a result of defendants' negligent control, inspection, and maintenance of the premises.

On April 9, 1992, plaintiff filed an administrative claim with USPS under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.

§§ 2671–2680. On October 5, 1992, USPS denied plaintiff's administrative claim.

On November 23, 1992, USPS removed this action to the U.S. District Court, Eastern District of California pursuant to 28 U.S.C. §§ 1441 and 1444.

On January 22, 1993, the USPS filed the present motion to dismiss plaintiff's complaint.

On April 5, 1993, plaintiff filed an amended complaint against the USPS and the Pommers in this Court. The amended complaint seeks to satisfy the exhaustion requirement for filing an action in district court under the FTCA, by asserting that plaintiff filed a claim with the USPS, which was denied on October 5, 1992. Plaintiff did not serve the summons and complaint on the United States until May 6, 1993, several days before oral argument on the motion to dismiss was heard.

## III

## DISCUSSION

USPS seeks dismissal of the complaint without prejudice, on the grounds of lack of subject matter jurisdiction and lack of personal jurisdiction.

### A. Subject Matter Jurisdiction

USPS contends that plaintiff's complaint must be dismissed because it was filed on April 10, 1992, before the USPS administrative claim was resolved. An action against the United States for damages resulting from the negligence or wrongful conduct of a gov-ernment employee must be brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80. As a jurisdictional prerequisite, an FTCA action can only be instituted once an administrative claim is denied, either actually, or constructively by the agency's failure to act upon the claim within six months. Federal Tort Claims Act, 28 U.S.C. § 2675(a).[1]

■ Plaintiff's complaint was filed in state court on April 10, 1992, before the administrative claim was denied on October 5, 1992. Plaintiff states that he filed suit before his administrative claim was denied because California's statute of limitations for tort actions requires that he file suit within one year of the date the cause of action arises. Plaintiff was allegedly injured on April 10, 1991.

California's statute of limitations may be applicable to plaintiff's claim against the Pommers, but not to the claim against USPS. A tort action against the government must be filed in federal court, under the Federal Tort Claims Act, and the statute of limitations period is provided under 28 U.S.C. § 2401(b). This statute provides two limitations periods: 1) the initial administrative claim must be brought within two years of the time the claim accrues, and 2) the action in the district court must be brought within six months of notice of denial of administrative claim.[2] USPS notes that dismissal of plaintiff's complaint for failure to commence the action after satisfaction of the administrative exhaustion requirement under § 2675(a), will cause plaintiff's new action to be barred under the six-month limitations period.[3] Plaintiff's action in the district

1. Section 2675(a) provides in pertinent part:
   an action shall not be instituted upon a claim against the United States for ... damages ... caused by the negligent or wrongful act or omission of any employee of the Government ..., unless the claimant shall have first presented the claim to the appropriate Federal agency and the claim shall have been finally denied by the agency.... The failure of an agency to make final disposition of a claim within six months after it is filed shall ... be deemed a final denial of the claim for purposes of this section.
   28 U.S.C. § 2675(a).

2. Section 2401(b) provides that:
   a tort claim against the United States shall forever be barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.
   28 U.S.C. § 2401(b).

3. USPS's reply memorandum additionally requests that plaintiff's complaint be dismissed with prejudice. USPS argues that any new action filed by plaintiff will be barred by the six-month statute of limitations under 28 U.S.C. § 2401(b), because plaintiff will have failed to file his action within six months of the denial of his administrative claim. USPS's request is premature and will not be addressed. The com-

court had to be filed by April 5, 1993, six months from October 5, 1992, when his administrative claim was denied.

■ Plaintiff attempted to cure the jurisdictional flaw by filing an amended complaint on April 5, 1993, which includes the jurisdictional language that plaintiff's administrative claim against USPS has been denied. Plaintiff contends he decided to file an amended complaint, rather than institute a new suit, in order to preserve his state claim against the Pommers, which is subject to the one year statute of limitations under California law.

Under Fed.R.Civ.P. 15(a), a party is entitled to amend a pleading once, as a matter of course, before a responsive pleading is served, even though a motion to dismiss may be pending. *St. Michael's Convalescent Hosp. v. State of California,* 643 F.2d 1369, 1374 (9th Cir.1981) (court held that plaintiff was entitled to amend complaint under Fed. R.Civ.P. 15(a) where no responsive pleading had been filed and defendant's motion to dismiss had not been granted).

USPS contends that the only manner in which plaintiff may satisfy the FTCA's jurisdictional prerequisite under § 2675(a) is to refile his suit in federal court, not by filing an amended complaint.

On May 17, 1993, the Supreme Court in *McNeil v. United States,* —— U.S. ——, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993), held that courts lack subject matter jurisdiction and must dismiss FTCA actions which are instituted before the administrative remedies are exhausted under § 2675(a), even in cases where no substantial progress has taken place in the litigation before the administrative claim is finally denied.[4] *McNeil* is consistent with existing law of the Ninth Circuit. Plaintiff is therefore not harmed by this re-

cent Supreme Court pronouncement on the exhaustion requirement of the FTCA. *See, Jerves v. United States,* 966 F.2d 517 (9th Cir.1992); *Caton v. United States,* 495 F.2d 635 (9th Cir.1974). The question presented is whether the filing of an amended complaint after the administrative claim has been denied can be viewed as the equivalent of commencing or instituting an action upon completion of the exhaustion requirement.

To permit the premature filing of an FTCA action to be cured by the filing of an amended complaint upon denial of the administrative claim would be inconsistent with both *McNeil* and the rationale behind the jurisdictional prerequisite mandated by the FTCA, 28 U.S.C. § 2675(a).

The text of the statute commands that an "action shall not be instituted ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency...." In rejecting any exception to the requirement that the administrative claim be "finally denied" before an FTCA complaint may be brought in district court, the Supreme Court in *McNeil* explained,

> [t]he most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of liti-

---

plaint currently under consideration was filed on April 10, 1992. Should plaintiff file a new complaint against the USPS, the USPS may at that time raise a statute of limitations defense.

4. The Supreme Court in *McNeil* resolved a split which developed in the Circuits over the exhaustion requirement in FTCA actions. *Kubrick v. United States,* 581 F.2d 1092, 1098 (3rd Cir. 1978), *rev'd on other grounds,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), and *Celestine v. Veterans Admin. Hosp.,* 746 F.2d 1360, 1363 (8th Cir.1984), permit a prematurely filed FTCA ac-

tion to proceed if "no substantial progress has taken place in the litigation before the administrative remedies are exhausted."

The Supreme Court decision in *McNeil,* affirming the Seventh Circuit, 964 F.2d 647 (7th Cir. 1992), agrees with the position taken in decisions by the Ninth and Fifth Circuits. *See, Jerves v. United States,* 966 F.2d 517, 521 (9th Cir.1992); *Reynolds v. United States,* 748 F.2d 291, 292 (5th Cir.1984); *Gregory v. Mitchell,* 634 F.2d 199, 204 (5th Cir.1981).

gation is best served by adherence to the straight-forward statutory command.

—— U.S. at ——–——, 113 S.Ct. at 1983–84.[5]

If the claimant is permitted to bring suit prematurely and simply amend his complaint after denial of the administrative claim, the exhaustion requirement would be rendered meaningless. Because § 2675(a) of the FTCA requires that an administrative claim be finalized at the time the complaint is filed, plaintiff's complaint cannot be cured through amendment, but instead, plaintiff must file a new suit. This Court lacks subject matter jurisdiction over the present action, which was commenced before the exhaustion requirement under § 2675(a) was satisfied.

*B. Personal Jurisdiction*

USPS contends that this Court lacks personal jurisdiction over USPS because plaintiff failed to timely serve summons and complaint upon the United States within 120 days from the date of removal to federal court. *See*, 28 U.S.C. § 1448; *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir.1967); 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1082 (1987).

Plaintiff's complaint is dismissed without prejudice for failure to adhere to the jurisdictional requirement prescribed under 28 U.S.C. § 2675(a). Further discussion of the issue of personal jurisdiction is unnecessary.

## IV

## CONCLUSION

The government's motion to dismiss plaintiff's complaint as to the USPS is GRANTED without prejudice on the ground of lack of subject matter jurisdiction under 28 U.S.C. § 2675(a). This case is remanded to the state court to permit plaintiff to pursue his

---

**5.** The Court in *McNeil* declined to follow those Circuits which had established an exception to the exhaustion requirement, even though requiring the plaintiff to file a new complaint would likely result in his FTCA claim being barred by the six-month statute of limitations under 28 U.S.C. § 2401(b), as is likely to occur in this action. Even more compelling in *McNeil* was the fact, acknowledged by the Court, that the

tort claim against the private defendants, Mr. and Mrs. Pommer.

**SO ORDERED.**

plaintiff was proceeding without counsel and was unaware of the procedural requirements of the statute. The plaintiff in the present case is proceeding with counsel and, as the *McNeil* Court stated, "the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent." —— U.S. at ——, 113 S.Ct. at 1984.