Jorge J. ORTIZ–ROMANY, Plaintiff(s)

v.

UNITED STATES of America, et al., Defendant(s).

Civil No. 06–1785 (JAG).

United States District Court, D. Puerto Rico.

July 6, 2007.

Julie A. Soderlund, San Juan, PR, for Plaintiff.

Isabel Muñoz–Acosta, U.S. Attorney's Office, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On August 23, 2006, plaintiff Jorge J. Ortiz–Romany ("plaintiff") filed suit against the United States of America, the United States Environmental Protection Agency ("EPA"), Robert Mueller, Director, Federal Bureau of Investigation ("FBI"), Luis Fraticelli, Regional Director, FBI, Special Agent Michael Burdick ("SA Burdick") and Twelve Unknown Agents of the FBI, Alberto Gonzalez, Attorney General, United States Department of Justice ("DOJ"), Sue Woolridge, Acting Assistant Attorney General, Environmental and Natural Resources Division, Elizabeth Yu, Attorney, Environmental and Natural Resources Division, Felicia S. Turner, U.S. Trustee, Region 21, Monsita Lecaroz, Assistant U.S. Trustee, John Doe, her husband, the conjugal partnership of Monista Lecaroz, U.S. Trustee ("defendants") and Wilfredo Segarra Miranda ("defendant-trustee"), under *Bivens v. Six Unknown Named Agents of the F.B.I.*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Federal Tort Claim Act ("FTCA"), and several state laws. Specifically, plaintiff's Complaint alleges that his apprehension and detention pursuant to the orders from the U.S. Bankruptcy Court ("bankruptcy court") for the District of Puerto Rico violated his right to due process under the Fifth Amendment of the United States Constitution and under laws of Puerto Rico.

Pending before the court is defendants' motion to dismiss (Docket No. 16–1). Also pending is the motion to dismiss filed by defendant-trustee (Docket No. 23–1). Defendants and defendant-trustee move to dismiss these claims pursuant to Fed. R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons discussed below the Court **GRANTS** the motions to dismiss.

## FACTUAL BACKGROUND[1]

In March 2004, plaintiff filed a petition for bankruptcy under Chapter 11 in the bankruptcy court. In February 2005, the United States filed a Motion to Convert the Bankruptcy Proceeding to Chapter 7. On March 18, 2005, the Honorable Sara de Jesus, bankruptcy judge in the case, issued an Order granting the motion for conversion. On March 30, 2005, Judge Jesus ordered defendant-trustee to refer the case to the U.S. Attorney in order to investigate the possible commission of bankruptcy crimes.

Subsequently, plaintiff failed to appear at a scheduled section 341 meeting of creditors in April 2005 and the bankruptcy court ordered a continuance of the meeting to be held on May 23, 2005. The Court

---

1. The Court takes the relevant facts from the Complaint (Docket No. 3–1) and defendants' motion to dismiss (Docket No. 16–1).

also granted a request by the trustee-defendant to compel plaintiff's appearance at the May 23 meeting. Plaintiff did not appear at the meeting, and the defendant-trustee filed a motion requesting an Order for the detention and appearance of the debtor before the bankruptcy court.

On June 2, 2005, the bankruptcy court issued an order of apprehension, in accordance with Federal Bankruptcy Procedure Rule ("FBPR") 2005(a)(2), commanding any U.S. Marshall to apprehend plaintiff for having failed and refused to appear for examination at the section 341 meetings. The Order was executed by SA Burdick and other FBI agents on August 1, 2005, who apprehended plaintiff at his residence. That same evening, the FBI agents brought plaintiff before the bankruptcy court. Representatives of the U.S. Trustee and the EPA participated in the hearing and argued for the continued detention of plaintiff because he was considered a flight risk. Neither SA Burdick or other FBI agents testified or otherwise participated in the hearing. The bankruptcy court ordered plaintiff to be detained until the conclusion of the rescheduled section 341 meeting of creditors, which was scheduled for August 2, 2005. The meeting was held on that date, but was not concluded. As a result, defendant-trustee requested, and was granted, an expedited hearing where the bankruptcy court ordered the continued detention of plaintiff until after the date of the conclusion of the section 341 meeting of creditors.

The continuance of the section 341 meeting was scheduled for August 10, 2005 in order to grant plaintiff time to secure legal representation, since his attorneys had resigned. Again, the meeting was held but not concluded on that date, and the defendant-trustee scheduled its continuance for August 12, 2005. Plaintiff was subsequently released on August 12, 2005 after the section 341 meeting was finally concluded. This suit followed the submission of letters on August 8, 2006 by plaintiff's attorney to the DOJ, the EPA, the U.S. Trustee, and the FBI, in an apparent attempt to file administrative claims for the allegedly tortious acts of defendants, as required by the FTCA, 28 U.S.C. § 2675(a). Plaintiff's claims, however, went unanswered by those agencies. Plaintiff then initiated the instant case on August 23, 2006.

## STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(1) provides for the dismissal of a case if the court lacks jurisdiction over the subject matter. Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed. *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir.1998). On the contrary, what the court must presume is that federal jurisdiction is lacking until established otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The burden is on the party asserting federal jurisdiction to demonstrate that such jurisdiction exists. *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir.1996) (citing *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995)). The complaint must be construed liberally, treating the well-pleaded factual allegations as true and indulging all reasonable inferences in favor of plaintiff. *Viqueira v. First Bank*, 140 F.3d at 16 (citing *Royal v. Leading Edge Prods., Inc.*, 833 F.2d 1, 1 (1st Cir.1987)).

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Brown v. Hot, Sexy, and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995). Here too, the Court accepts all well-pleaded fac-

tual allegations as true, and draws all reasonable inferences in plaintiff's favor. *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

## DISCUSSION

### 1. *Bivens Doctrine Claims*

▆▆ Plaintiff alleges violation of his Fifth Amendment right to due process of law and brings suit under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). "The *Bivens* doctrine allows constitutional claims against federal officials, in their individual capacities, for actions taken under color of federal law." *McCloskey v. Mueller,* 446 F.3d 262 (1st Cir.2006). In order to establish liability under *Bivens,* a plaintiff must first show that the conduct complained of was committed by a person acting under color of federal law in his individual capacity. Secondly, a plaintiff must show the defendant's conduct de-

prived a "person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Gutierrez–Rodriguez v. Cartagena,* 882 F.2d 553, 559 (1st Cir.1989). "There are two aspects to the second inquiry: 1) there must have been a deprivation of federally protected rights, privileges or immunities, and 2) the conduct complained of must have been causally connected to the deprivation." *Id.* at 559 (citing *Woodley v. Town of Nantucket,* 645 F.Supp. 1365, 1369 n. 4 (D.Mass.1986)).

▆▆ In the Complaint, plaintiff pleads all the necessary elements to file a *Bivens* claim. First, the individual defendants in the *Bivens* suit, including defendant-trustee, were all federal officers ("defendants-officers"), who were allegedly acting under color of law by either participating in a federal bankruptcy hearing or executing orders of apprehension issued by the court. Moreover, plaintiff alleges defendants-officers were acting in their individual, not official capacities, in "promoting, alleging, and actively convincing the bankruptcy court that plaintiff ... represented a 'risk of flight' that merited incarceration ..." when they knew that it was not authorized by the Bankruptcy Rules.[2] (Docket No. 3–1 at 55). Secondly, plaintiff alleges civil rights violations, and the alleged causes of such violations were the acts of the defendants-officers. Therefore, for pleading purposes, plaintiff states a colorable *Bivens* claim. Defendants-officers, nonetheless, argue that this Court lacks subject matter jurisdiction and that no cause of action lies because defendants-officers are immune from suit.

### A. *Motion to Dismiss Bivens Claims*

Defendants-officers argue that plaintiff's constitutional claims against defendants-

---

**2.** Federal Rules of Bankruptcy Procedure, 2005.

officers must fail because they are protected by absolute immunity.

Plaintiff asserts, however, that defendants-officers' actions or omissions fall outside the scope of official conduct safeguarded by the doctrine of sovereign immunity because they were acting in their individual, not official capacities, in "promoting, alleging, and actively convincing the bankruptcy court that plaintiff . . . represented a risk of flight that merited incarceration . . ." when they knew that incarceration was not authorized by the Bankruptcy Rules. (Docket No. 3–1 at 55). Specifically, the alleged basis of liability appears to be as follows: Robert Mueller, Director, FBI; Luis Fraticelli, Regional Director, FBI; and SA Burdick and Twelve Unknown Agents of the FBI are named for their direct or indirect involvement in executing the June 2, 2005 order of apprehension issued by the bankruptcy court (Id. at 36). Alberto Gonzalez, Attorney General, United States Department of Justice; Sue Woolridge, Acting Assistant Attorney General, Environmental and Natural Resources Division; Elizabeth Yu, Attorney, Environmental and Natural Resources Division; Felicia S. Turner, U.S. Trustee, Region 21; Monsita Lecaroz, Assistant U.S. Trustee; John Doe, her husband; and the conjugal partnership of Monista Lecaroz, are named for, through either their acts or omissions, "denying him [plaintiff] the opportunity to appear before a magistrate and the filing of charges before making legal and factual allegations that induced the Hon. Judge de Jesus to remand him to jail and to keep him incarcerated for ten (10) days." (Id. at 49). Finally, the defendant-trustee is named for actively participating in the litigation and arguments before the bankruptcy court that led to the incarceration of plaintiff (Id. at 59–64).

## I. The Doctrine of Judicial Immunity Extends to Defendants–Officers' Actions and Omissions

"It is beyond cavil, that as the sovereign, the United States is immune from suit without its consent." *Muirhead v. Mecham,* 427 F.3d 14, 17 (1st Cir.2005). This includes agencies of the Federal government. *See F.D.I.C. v. Meyer,* 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)(barring suit against a Federal agency based on the sovereign immunity doctrine). Consent to be sued has to be expressly waived by the Federal government. In other words, it cannot be implied. *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). Such immunity shields the Federal government and its agencies from suit unless it is expressly waived. *Id.* at 474.

In light of *Bivens,* the application of blanket immunity to federal officials has been more limited. *See Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) (holding that federal executive officials *in general* are not privileged with absolute immunity). Federal officials, in the performance of their discretionary functions, are usually entitled to only qualified or good-faith immunity. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Federal case law has recognized, however, that certain officials, because of their special functions or constitutional status, require complete protection from suit. Thus, although *Bivens* creates a federal cause of action as remedy to the violation of an individual's constitutional rights at the hands of federal officials, it does not necessarily preclude immunity from suit. The absolute immunity of judges in their judicial functions is now well-settled. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). These decisions have also extended absolute immunity to certain officials of

the Executive Branch, including prosecutors and similar officials, *Butz*, 438 U.S. at 508–512, 98 S.Ct. 2894; executive officers engaged in adjudicative functions, *Id.* at 513–517, 98 S.Ct. 2894; those who perform prosecutorial functions that are "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1974); and to those officials who faithfully and carefully carry out the orders of judges. *Slotnick v. Garfinkle*, 632 F.2d 163, 166 (1st Cir.1980); *Kermit Const. Corp. v. Banco Credito Y Ahorro Ponceno*, 547 F.2d 1, 3, (1st Cir.1976). The immunity afforded to the various participants in judge-supervised trials stems from the characteristics of the judicial process. "The loser in one [judicial] forum will frequently seek . . . [a remedy beyond the adverse judicial decree] . . ., charging the participants in the first with unconstitutional animus. Absolute immunity is thus necessary to assure that judges, advocates and witnesses can perform their respective functions without harassment or intimidation." *Butz*, 438 U.S. at 512, 98 S.Ct. 2894. Thus, the Supreme Court has recognized the great need to protect a government official in the performance of a judicially-related function from frivolous lawsuits by a disgruntled losing party. *See Forrester v. White*, 484 U.S. 219, 225–26, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988)("[T]his Court has not been quick to find that federal legislation was meant to diminish the traditional common-law protections extended to the judicial process").

■ The scope of derivative judicial immunity established by the above-cited cases contemplates the actions and omissions of the defendants-officers under a *Bivens* suit. As alleged, defendants-officers are wrapped up in the Complaint by virtue of some official relationship to the bankruptcy proceedings at issue, either as an authorized participator, an executor of the resulting apprehension order, or in a remote supervisory role to those individuals. It further appears from the Complaint that the defendants-officers who executed the order of apprehension were doing nothing more than simply making a good-faith effort to carry out the bankruptcy court's orders, in their official capacities. As the defendants-officers correctly note, plaintiff makes no demonstrable showing that they acted outside the scope of their official duties. Liability is premised upon acts and omissions within the scope of their employment. Thus, since the acts and omissions of the defendants-officers were, directly or indirectly, in furtherance of effecting the bankruptcy court's orders, those actions and omissions fall within the ambit of judicial immunity.

II. *The Bankruptcy Court did not Lack Jurisdiction*

■ Plaintiff also alleges that the bankruptcy court lacked jurisdiction to order his arrest and detention under FBPR 2005. Although the bankruptcy court judge is not named in the suit, it appears from a reading of the Complaint, together with the Opposition to Defendants' Motion to Dismiss, that the plaintiff predicates liability of defendants-officers upon this allegation. Such an alleged basis, however, does not meet the Supreme Court's well-settled "clear absence" of jurisdiction standard necessary to overcome judicial or quasi-judicial immunity, set forth in *Bradley v. Fisher*, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1871). When discussing the basis for liability of a judge involved in a civil action, the *Bradley* Court wrote:

A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter

any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where the jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case . . .

*Id.* at 351–52, 13 Wall. 335.

Indeed, plaintiff admits that "Judges are absolutely immune for liability for damages for judicial acts that are *not performed in dear absence of all jurisdiction,* however erroneous and however evil the motive." (Docket 3–1 at 53) (emphasis added).

■ Even a casual reading of the applicable statutes in the case at bar, at a minimum, casts doubt on the contention that the bankruptcy court lacked jurisdiction. Indeed, the parties agree that FBPR 2005(a) provides for the apprehension of a bankruptcy debtor to compel attendance for examination.[3] Further, Rule 2005(c) provides that "in determining what conditions will reasonably assure attendance or obedience under subdivision (a) of this rule . . . the court shall be governed by the previous policies of 18 U.S.C. § 3146(a) and (b)." Due to a congressional repeal of 18 U.S.C. § 3146 in 1984, FBPR 2005(c) actually refers to 18 U.S.C. § 3142 instead. 9 *Collier on Bankruptcy* ¶ 2005.RH (Alan N. Resnick et al. eds., 15th ed.2005). U.S.C. § 3142(a) provides, in pertinent part,

(a) **In general.**—Upon the appearance before a judicial officer of a person

charged with an offense, the judicial officer shall issue an order that, pending trial, the person be—

.        .        .        .        .

(4)detained under subsection (e) of this section. (emphasis added).

Subsection (e) provides, in pertinent part,

(e) **Detention.**—If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, *such judicial officer shall order the detention of the person before trial . . .* (emphasis added).

Finally, subsection (f) provides, in pertinent part,

(f) **Detention hearing.**—The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—.

Since plaintiff's allegation that the bankruptcy court issued orders of apprehension and detention without jurisdiction is inconsistent with both the discretionary review afforded to judges in *Bradley* and a plain reading of the applicable statutes, plaintiff's conclusion that defendants-officers are liable under *Bivens* is a non sequitur. Here, the jurisdictional foundation upon which their immunity rests remains intact. Even if the issuing of the orders by the bankruptcy court was in "excess of" its jurisdiction—which this Court believes was not—it cannot be reasonably said with certainty that those actions were in "clear

---

**3.** The Eighth Edition of bankruptcy examination as esp. at the first meeting matters as the bankrupt's Black's Law Dictionary defines a "the questioning of a debtor, of creditors, concerning such debts and assets."

absence" of jurisdiction. Accordingly, defendants-officers could not have been expected to know "that the remedy was not authorized by the Bankruptcy Code or Rules." (Docket No. 3–1 at 55).

As such, defendants-officers enjoy absolute immunity. The Court grants defendants' and defendant-trustee's motions to dismiss plaintiff's *Bivens* claims.

### B. *Motion to Dismiss FTCA Claims*

Plaintiff's Complaint alleges that the actions and omissions of defendants on behalf of various Federal agencies constituted a "reckless disregard to the constitutional rights of plaintiff," actionable under the FTCA. (Docket No. 3–1 at 47–51). Specifically, defendants are accused of "denying him [plaintiff] the opportunity to appear before a magistrate and the filing of charges before making legal and factual allegations that induced the Hon. Judge de Jesus to remand him to jail and to keep him incarcerated for ten (10) days." (Id. at 49). Defendants argue that the court lacks jurisdiction to entertain plaintiff's tort claims because plaintiff failed to exhaust administrative remedies as required by the FTCA. Defendants further asserts that those claims are not cognizable under the FTCA.

■ The FTCA provides a limited waiver of the Federal government's sovereign immunity. *McCloskey v. Mueller,* 446 F.3d 262 (1st Cir.2006). "The FTCA ordains that the 'law of the place' where the act or omission occurred shall govern actions for damages against the United States." *Rodriguez v. U.S.,* 54 F.3d 41, 44 (1st Cir.1995). The FTCA grants the court jurisdiction over claims against the United States for tortious acts of its employees where the United States, if a private person, would be liable under state law where the act occurred, 28 U.S.C. § 1346(b). *McCloskey* 446 F.3d at 266;

*Roman v. Townsend,* 224 F.3d 24, 27 (1st Cir.2000). If not for this expressed waiver the court lacks jurisdiction and cannot entertain the complaint. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Congress waived sovereign immunity for claims "arising ... out of malicious prosecution" for acts or omissions of law enforcement officers. 28 U.S.C. § 2680(h).

### I. *Plaintiff's Failure to Exhaust Administrative Remedies under the FTCA Divests the Court of Jurisdiction*

■ In order to benefit from this limited waiver, the plaintiff is required to file an administrative claim as a prerequisite to bringing suit under the FTCA. This requirement is jurisdictional and cannot be waived. *McNeil v. U.S.,* 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). As the statute states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government ... *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing* ... The failure of an agency to make the final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added).

The requirements that the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing before filing suit in court have been enforced at all levels of the

federal judiciary. Numerous federal courts have held that they are conditions of the court's subject-matter jurisdiction under the FTCA and that plaintiff's failure to comply with the statute's requirements bars the action. *McNeil v. U.S.*, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (affirming the appeals court's holding that plaintiff's failure to fully exhaust administrative remedies before commencing a federal court suit was proper grounds for dismissal). In *McNeil*, the Supreme Court held that courts lack subject matter jurisdiction and must dismiss FTCA actions which are instituted before the administrative remedies are exhausted under 28 U.S.C. § 2675(a), even in cases where no substantial progress has taken place in the litigation before the administrative claim is finally denied. *See also Lazarini v. U.S.*, 898 F.Supp. 40, 44 (D.P.R.1995) ("Plaintiff must comply with the procedures established in order to proceed with suit against the United States, and failure to comply with the procedural regulation mandates the dismissal of the action."); *see also Flory v. U.S.*, 138 F.3d 157, 159–160 (5th Cir.1998) (reading FTCA as literally requiring plaintiff to first exhaust administrative remedies with the appropriate agency and wait for a denial of that claim before filing judicial suit); *see also Jerves v. U.S.*, 966 F.2d 517 (9th Cir.1992) (holding jurisdictional requirements were not satisfied when victim commenced her action before receiving agency's final denial of her claim or before allowing six months to elapse from date of initial administrative filing).

The language of 28 U.S.C. § 2675(a) is unambiguous. Moreover, the cited cases support the conclusion that a plaintiff's premature filing of a suit divests the reviewing court of jurisdiction. According to both the defendants' motions to dismiss (Docket No. 16–1) and the plaintiff's opposition (Docket No. 27–1), plaintiff filed three (3) administrative claims with the U.S. Department of Justice, the EPA, and the U.S. Trustee on August 8, 2006. Plaintiff then filed the present suit on August 23, 2006, only 15 days later. Clearly, plaintiff did not comply with the procedural requirements of 28 U.S.C. § 2675(a) by exhausting all administrative remedies first and then filing suit after either 1.) the administrative claims were formally denied within six (6) months of filing or 2.) plaintiff had exercised statutory presumption of denial after six (6) months had passed since administrative filing without action by the agency. Therefore, since the filing of the FTCA claims was done without exhausting administrative remedies, this Court lacks jurisdiction to entertain them. The Court grants defendant's motion to dismiss plaintiff's FTCA claims.

## II. *Plaintiff's Request to Amend*

Further, in light of *McNeil* and the rationale behind the jurisdictional prerequisite mandated by 28 U.S.C. § 2675(a), the Court denies plaintiff's request to amend its Complaint to cure premature filing of the FTCA claims. If plaintiff is permitted to bring suit prematurely and simply amend his Complaint after he deems the administrative claims denied, the exhaustion requirement would be rendered meaningless. *See Sparrow v. U.S. Postal Service*, 825 F.Supp. 252 (E.D.Cal.1993)(denying request to amend using the same rationale). As the Supreme Court in *McNeil* explained, "Every premature filing of an action under the FTCA imposes some burden on the judicial system ... The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command." 508 U.S. at 112, 113 S.Ct. 1980.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' and defendant-trustee's motions to dismiss as to plaintiff's *Bivens* claims against defendants-officers, since they are absolutely immune from suit. Accordingly, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims against defendants-officers. The Court also **GRANTS** defendants' motion to dismiss as to plaintiff's FTCA claims against the United States and the Federal agencies for failure to exhaust administrative remedies.

As such, plaintiff's *Bivens* claims and supplemental state claims against defendants-officers are hereby dismissed **with prejudice.** Additionally, plaintiff's FTCA claims are hereby dismissed **without prejudice.**

IT IS SO ORDERED.