**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAREY CLAYTON MILLS, *Plaintiff-Appellant*, <br><br> v. <br><br> UNITED STATES OF AMERICA; SALLY JEWELL, Secretary of the Department of the Interior; JULIA DOUGAN, Acting State Director, Alaska State Office; MARK FULLMER, Supervisor Land Transfer Specialist, Division of Land Alaska State Office; ROBERT W. SCHNEIDER, District Manager, Fairbanks District Office; LENORE HEPLER, Field Manager, Eastern Interior Field Office; SCOTT WOOD; DOYON LIMITED; HUNGWITCHIN CORPORATION, *Defendants-Appellees*. | No. 12-35589 <br><br> D.C. No. 4:10-cv-00033-RRB <br><br><br> OPINION |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted
August 15, 2013—Anchorage, Alaska

Filed January 29, 2014

Before: Alex Kozinski, Chief Judge, and Marsha S. Berzon
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Ikuta

## SUMMARY[*]

### Right-of-Way / Standing

The panel affirmed in part and reversed in part the district court's dismissal of plaintiff's action seeking access to his state mining claims over real property owned by the federal government and third parties.

The panel held that plaintiff's claims against the federal government were barred by sovereign immunity. The panel further held that the district court erred in concluding that plaintiff's claims against the third parties were barred by principles of prudential standing, and remanded for further proceedings. The panel also held that the district court correctly dismissed plaintiff's claim that he was entitled to a right-of-way over the property subject to third party Scott Wood's federal unpatented mining claims under 30 U.S.C. § 41.

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Carey Mills, San Antonio, Texas (argued), pro se Plaintiff-Appellant.

Ignacia S. Moreno, Assistant Attorney General, Dean K. Dunsmore, Mark R. Haag, and Robert P. Stockman (argued), Attorneys, Environmental & Natural Resources Division, United States Department of Justice, Washington D.C., for Federal Defendants-Appellees.

James D. Linxwiler (argued) and Josh Van Gorkom, Guess & Rudd P.C, Anchorage, Alaska, for Defendant-Appellee Doyon, Limited.

---

**OPINION**

IKUTA, Circuit Judge:

This appeal raises the question whether an individual seeking access to his state mining claims over real property owned by the federal government and third parties can bring an action asserting a right-of-way over such real property. We conclude that Mills's claims against the federal government are barred by sovereign immunity, but that the district court erred in concluding that his claims against Doyon Limited and Hungwitchin Corporation were barred by principles of prudential standing. We therefore affirm in part and reverse in part the district court's dismissal of this action.

I

Carey Mills has an ownership interest in two state mining claims on state-owned land. According to Mills, "the only economically feasible and environmental[ly] friendly transportation route" to access these claims is over the Fortymile Station-Eagle Trail (the Fortymile Trail or the Trail), a trail that runs from a point approximately eight miles south of Eagle, Alaska (a city near the United States-Canada border in eastern Alaska), across various federal and non-federal lands.

Alaska has enacted legislation asserting it has a right-of-way to the Fortymile Trail under a federal statute commonly referred to as R.S. 2477, which had been codified at 43 U.S.C. § 932 but was repealed in 1976. *See* 43 U.S.C. § 932 (repealed 1976). R.S. 2477 stated that "[t]he right of way for the construction of highways over public lands, not reserved for public uses, is granted." *Id.* R.S. 2477 has been construed as presenting a free right-of-way "'which takes effect as soon as it is accepted by the State.'" *Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1077 (9th Cir. 2010) (quoting *Wilderness Soc'y v. Morton*, 479 F.2d 842, 882 (D.C. Cir. 1973)).[1] The state statute provides that Alaska "claims, occupies, and possesses each right-of-way granted under" R.S. 2477, and lists the Fortymile Trail among the rights-of-way that "have been accepted by public users and have been identified to provide effective notice to the public of these rights-of-way." Alaska Stat. § 19.30.400(a), (c)–(d).

---

[1] Although repealed in 1976, "[t]he law repealing R.S. 2477 expressly preserved any valid, existing right-of-way." *Lyon*, 626 F.3d at 1076.

The defendants in this action have varying property interests in the land crossed by the Trail. First, the Trail crosses federal land that is subject to 15 unpatented federal mining claims owned by Scott Wood.[2] The United States and Wood have different property interests in these parcels: the United States owns the legal title to the land, *Best v. Humboldt Placer Mining Co.*, 371 U.S. 334, 336 (1963), while Wood has exclusive possessory rights to use of the surface within the area of the claim. *United States v. Locke*, 471 U.S. 84, 86 (1985). Second, the Trail crosses land that is subject to the interests of Doyon Limited and Hungwitchin Corporation, two Alaska Native Corporations that hold patents issued by the federal Bureau of Land Management (BLM) in 2008.[3] For most of these lands, Hungwitchin holds the patent for the surface estate and Doyon holds the patent for the subsurface estate. Doyon claims it also holds title to the surface estate in some portion of these lands.

Mills first attempted to obtain access to the Fortymile Trail administratively by filing an application with the BLM. In November 2009, Mills applied to the BLM for a right-of-way for the construction, maintenance, and use of an access road from Taylor Highway to his mining claim across the

---

[2] The holder of an "unpatented" claim has the right to extract and develop the mineral deposit, but does not own the land. *See Swanson v. Babbitt*, 3 F.3d 1348, 1350 (9th Cir. 1993) ("Although ownership of a mining claim does not confer fee title to the claimant, the claimant does have the right to extract all minerals from the claim without paying royalties to the United States.").

[3] "A patented mining claim is one in which the government has passed its title to the claimant, giving him exclusive title to the locatable minerals, and, in most cases, the surface and all resources." *Swanson*, 3 F.3d at 1350.

land subject to Wood's unpatented mining claims. The BLM denied this application on the ground that it lacked the authority to approve a right-of-way, and its decision was upheld on administrative appeal. Mills subsequently asked the BLM to amend the conveyances to Doyon and Hungwitchin to include a reservation of an easement for the Fortymile Trail. Again, the BIA denied the request in March 2010 on the ground that it lacked the legal authority to do so. Mills has not appealed either of these administrative decisions, and they are not before us.

In April 2010, in response to Mills's inquiry, the State confirmed that it was the owner of the right-of-way to the Fortymile Trail.

In November 2010, Mills, proceeding pro se, filed this action raising numerous claims against the federal government, Wood, Doyon, and Hungwitchin on the ground that he was entitled to use the Trail for access to his state mining claims. Mills sought a declaration that he is entitled to a right-of-way to access his state mining claims on the Fortymile Trail both under R.S. 2477 and because he has an easement by implication or necessity, and that the real property interests claimed by Wood, Doyon, and Hungwitchin (collectively, the non-federal defendants) are subject to this right-of-way.

In considering Mills's claims, the district court concluded that legal title to any R.S. 2477 right-of-way was vested in Alaska. Accordingly, the court held that Mills had no independent property interest in the Fortymile Trail and instead was merely attempting to enforce the rights of Alaska. Because the state was not a party to the suit, but was "the party in the best position to assert its own rights," the district

court tentatively granted Mills's motion to join Alaska as a party. After Alaska objected, both under the Eleventh Amendment and because it had not yet decided whether to file a quiet title action against the federal government to confirm the state's title to the Fortymile Trail right-of-way, the district court dismissed Mills's joinder motion.

After allowing Mills to amend his complaint twice, the district court dismissed Mills's claims against all defendants. As relevant here, the district court dismissed certain claims against Hungwitchin and Doyon on the ground that Mills lacked prudential standing to bring an action seeking to establish a right-of-way under R.S. 2477. Further, the district court dismissed certain claims against the United States pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on sovereign immunity grounds. Finally, the district court dismissed Mills's claim that he was entitled to a right-of-way under a provision of the General Mining Law, 30 U.S.C. § 41.[4] Mills timely appealed these issues, and has continued to proceed pro se.

---

[4] 30 U.S.C. § 41 states:

> Where two or more veins intersect or cross each other, priority of title shall govern, and such prior location shall be entitled to all ore or mineral contained within the space of intersection; but the subsequent location shall have the right-of-way through the space of intersection for the purposes of the convenient working of the mine. And where two or more veins unite, the oldest or prior location shall take the vein below the point of union, including all the space of intersection.

II

We review de novo a district court's grant of a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Viewtech, Inc. v. United States*, 653 F.3d 1102, 1103–04 (9th Cir. 2011). Suits against the government are barred for lack of subject matter jurisdiction unless the government expressly and unequivocally waives its sovereign immunity. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011).

The Quiet Title Act (QTA), 28 U.S.C. § 2409a, allows a plaintiff to name the United States as a defendant in a civil action "to adjudicate a disputed title to real property in which the United States claims an interest."**5** *Id.* § 2409a(a). This statute "'provide[s] the exclusive means by which adverse claimants [can] challenge the United States' title to real property,'" *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 132 S. Ct. 2199, 2207 (2012) (quoting *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1982)), and applies to claims against the

---

**5** 28 U.S.C. § 2409a(a) states in full:

> The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights. This section does not apply to trust or restricted Indian lands, nor does it apply to or affect actions which may be or could have been brought under sections 1346, 1347, 1491, or 2410 of this title, sections 7424, 7425, or 7426 of the Internal Revenue Code of 1986, as amended (26 U.S.C. 7424, 7425, and 7426), or section 208 of the Act of July 10, 1952 (43 U.S.C. 666).

United States for rights of access, easements, and rights-of-way, as well as those involving fee simple interests. *See McMaster v. United States*, 731 F.3d 881, 900 (9th Cir. 2013); *Alaska v. Babbitt*, 38 F.3d 1068, 1074 (9th Cir. 1994) (collecting cases). Therefore, Mills's claim against the United States for a right of access over the Fortymile Trail must proceed, if at all, under the QTA.[6]

In construing the scope of the QTA's waiver, we have read narrowly the requirement that the title at issue be "disputed." *See Alaska v. United States*, 201 F.3d 1154, 1164–65 (9th Cir. 2000). For a title to be disputed for purposes of the QTA, the United States must have adopted a position in conflict with a third party regarding that title. *See id.* In *Alaska v. United States*, we held that the title to a riverbed underlying the Black River was not disputed because the government had not expressly asserted a claim with respect to that real property. *See id.* Even though the United States did not disclaim its interest to the riverbed, and reserved the right to make a claim to the riverbed in the future, we reasoned that "whatever dispute there may be, it has not yet occurred," and concluded that "[a] title cannot be said to be 'disputed' by the United States if it has never disputed it." *Id.* at 1165. Because the title to the riverbed was not disputed for purposes of the QTA, we remanded for the district court to dismiss the claim for lack of subject matter jurisdiction. *Id.*

---

[6] The QTA is not the exclusive remedy for claims that do not "involv[e] adverse title disputes with the government," such as claims that are "founded on administrative wrongdoing." *McMaster*, 731 F.3d at 899. Mills, however, declined to amend his complaint to add such a claim under the Administrative Procedures Act, although offered the opportunity to do so.

As in *Alaska v. United States*, here the United States does not expressly dispute the existence of an R.S. 2477 right-of-way for the Fortymile Trail. The BLM stated only that the United States lacked the authority to make a determination as to the existence of an R.S. 2477 right-of-way. Nor has the United States taken an action that implicitly disputes the Fortymile Trail right-of-way. Although Mills's complaint alleges that a BLM employee denied him access to the Fortymile Trail, this isolated allegation is insufficient to raise the inference that the United States disputes the R.S. 2477 right-of-way. First, the government stated in open court that the United States did not intend to prevent Mills from accessing the Fortymile Trail. A federal employee's decision to deny Mills access to the route is not evidence that the United States has taken a contrary position. *See Wagner v. Dir., Fed. Emergency Mgmt. Agency*, 847 F.2d 515, 519 (9th Cir. 1988) (observing that "[t]he government could scarcely function if it were bound by its employees' unauthorized representations" (internal quotation marks omitted)). Moreover, Mills's complaint does not allege that the federal employee denied him access because the government disputed the existence of an R.S. 2477 right-of-way. The federal employee could have barred Mills's use of the right-of-way for other reasons. *See Adams v. United States*, 3 F.3d 1254, 1258 n.1 (9th Cir. 1993) (stating that, even if the landowners had an easement under R.S. 2477, "they would still be subject to reasonable Forest Service regulations").

Because the United States does not currently dispute the existence of an R.S. 2477 right-of-way over the Fortymile Trail, Mills's action does not meet the QTA's requirement that title "be disputed." The QTA's waiver of sovereign immunity is therefore inapplicable to this case. In the absence of such a waiver, the district court lacked jurisdiction

to hear Mills's claims against the United States under the QTA. Because Mills does not claim any other basis for a waiver of sovereign immunity, the district court did not err in dismissing this claim.

### III

We next consider the district court's conclusion that Mills lacked prudential standing to bring his action against Hungwitchin and Doyon. We review this ruling de novo. *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1087 (9th Cir. 2010).

### A

Prudential standing is "not compelled by the language of the Constitution." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471, 474–75 (1982). Rather, rules of prudential standing are "flexible rule[s]" applied to ensure the "concrete adverseness which sharpens the presentation of issues upon which . . . court[s] so largely depend[] for illumination of difficult constitutional questions." *United States v. Windsor*, 133 S. Ct. 2675, 2686–87 (2013) (internal quotation marks and citations omitted). Among other requirements, "'the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Valley Forge*, 454 U.S. at 474 (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).[7] Courts

---

[7] The Supreme Court has listed two other prudential standing considerations. First, "even when the plaintiff has alleged redressable injury sufficient to meet the requirements of Art. III, the Court has refrained from adjudicating abstract questions of wide public significance

"typically decline to hear cases asserting rights properly belonging to third parties rather than the plaintiff." *McCollum v. Cal. Dep't of Corr. & Rehab.*, 647 F.3d 870, 878 (9th Cir. 2011). There are limited exceptions to this rule, however. It may be "necessary to grant a third party standing to assert the rights of another" when (1) "the party asserting the right has a 'close' relationship with the person who possesses the right" and (2) "there is a 'hindrance' to the possessor's ability to protect his own interests." *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004) (citing *Powers v. Ohio*, 499 U.S. 400, 411 (1991)).

Here, Mills asserts both his own interest in the Fortymile Trail, claiming that he "has an easement by 'necessity' and/or by 'implication' over the R.S. 2477 rights-of-way," and also alleges that he may assert Alaska's title to the R.S. 2477 route (either as a member of the public or as a private attorney general).

We have previously considered plaintiffs' claims that they were entitled to an easement or right-of-way over an R.S. 2477 road to access real property they owned. In *Adams*, we considered the landowners' claim to an easement over an R.S.

---

which amount to generalized grievances, pervasively shared and most appropriately addressed in the representative branches." *Valley Forge*, 454 U.S. at 474–75 (internal quotation marks omitted). Second, "the Court has required that the plaintiff's complaint fall within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." *Id.* at 475 (quoting *Ass'n of Data Processing Serv. Orgs. v. Camp*, 397 U.S. 150, 153 (1970)); *see also Individuals for Responsible Gov't Inc. v. Washoe County*, 110 F.3d 699, 703 (9th Cir. 1997) (noting that the zone-of-interests test is applied "most frequently in suits brought under the Administrative Procedure Act," but has been applied to "claims under the Constitution in general.").

2477 right-of-way that connected two noncontiguous tracts of land which they owned within a national forest. 3 F.3d at 1255. We explained that "[t]o establish an easement, the [landowners] must show that the road in question was built before the surrounding land lost its public character." *Id.* at 1258. We denied the landowners an easement over the road pursuant to R.S. 2477, but only because the district court had found that the road at issue was no longer in the same location as the historical road. *Id.*; *see also Schultz v. Dep't of Army*, 96 F.3d 1222, 1223 (9th Cir. 1996) (considering and rejecting a landowner's claim to a right-of-way across federal property to access his own property under R.S. 2477 or state common law).

We have also determined that a landowner has standing to seek a right of access over an R.S. 2477 right-of-way to access his landlocked property. *See Lyon*, 626 F.3d at 1076–77. In *Lyon*, the trustee of a bankruptcy estate sought a right-of-way over two R.S. 2477 roads to access real property surrounded by Indian reservation lands. *Id.* at 1066–67. The tribe argued that the trustee could not bring such a claim for two reasons: the claim had to be brought as a quiet title action against the federal government, and the trustee lacked Article III standing "to assert the public's collective right to use a road under R.S. 2477." *Id.* at 1076. We rejected both arguments. First, we held that because the trustee "seeks only a declaration against the [tribe] that he has legal access" to the property, and such a declaration does not bind the United States, the trustee did not have to proceed under the QTA. *Id.* Second, we held that the trustee had Article III standing to bring this claim. We reasoned the trustee had a sufficiently particularized interest in seeking a declaration that he could use the R.S. 2477 route to access the landlocked property, because absent such a declaration, the

trustee could be exposed to liability for trespass. *Id*. at 1076–77.

Although neither *Adams* nor *Lyon* expressly addressed prudential standing, they both implicitly adopted the common sense view that landowners seeking a right-of-way for access to their own property have a sufficiently individualized and personal interest in bringing suit, and are not attempting to raise rights belonging to third parties or the general public. The analysis may be different if a plaintiff seeking a declaration regarding an R.S. 2477 route "lacks any independent property rights of its own." *See Wilderness Soc'y v. Kane Cnty.*, 632 F.3d 1162, 1171 (10th Cir. 2011) (en banc) (Kelly, J., plurality) (holding that an environmental group lacked prudential standing to bring an action challenging a county government's assertion of R.S. 2477 rights over federal lands). But when landowners bring a legal action seeking a right to access their own land, there is little risk that the litigation will lack the "concrete adverseness" required to illuminate difficult legal issues. *Windsor*, 133 S. Ct. at 2687 (internal quotations omitted). Indeed, state courts frequently adjudicate actions by private landowners claiming an R.S. 2477 right-of-way to access their own land. *See, e.g.*, *Fitzgerald v. Puddicombe*, 918 P.2d 1017, 1021–22 (Alaska 1996) (permitting holders of mining claims to access their property by means of an R.S. 2477 right-of-way over private property); *Anderson v. Richards*, 96 Nev. 318, 321–22 (1980) (allowing private landowner to access his own land by means of an R.S. 2477 right-of-way over his neighbors' property); *Ball v. Stephens*, 68 Cal. App. 2d 843 (1945) (holding that the private defendant could not bar the plaintiff from accessing his mining claim over an R.S. 2477 right-of-way).

Accordingly, we conclude that the flexible prudential standing doctrine does not bar a legal action by landowners asserting an interest in accessing their own property over an alleged R.S. 2477 route.

Here, Mills brings precisely that sort of claim: he seeks a declaration that he may use a right-of-way over private property to access his own property interests. If successful, Mills's suit would prevent Doyon, Hungwitchin and Wood from barring Mills's access or suing him for trespass, but would not be binding on the federal government. Nor would it place additional burdens on Alaska, as Doyon argues. Alaska has already stated in a statute that it "claims, occupies, and possesses" the R.S. 2477 right-of-way in the Fortymile Trail, Alaska Stat. § 19.30.400(a), (d), and Doyon does not explain why Alaska would have any additional maintenance obligations if Mills succeeded on the merits of his action.

Because Mills asserts his own right to use the Fortymile Trail to access his state mining claims, his action may not be dismissed on prudential standing grounds. Accordingly, we need not consider Mills's claim that he could assert the rights of Alaska to the Fortymile Trail either as a member of the public or as a private attorney general. We therefore reverse the district court's dismissal of Mills's claims against Woods,[8] Doyon, and Hungwitchin, and remand for proceedings consistent with this opinion.

---

[8] Mills may seek a declaration that Wood, as the current possessor of the unpatented claim, may not bar him from traveling on the alleged R.S. 2477 right-of-way. Because such a declaration would be binding only on Wood, not the federal government, his action does not implicate the QTA. Accordingly, we deny Woods's outstanding motion seeking dismissal from the case.

B

The district court correctly dismissed Mills's claim that he was entitled to a right-of-way over the property subject to Wood's federal unpatented mining claims under 30 U.S.C. § 41. By its terms, this section is limited to providing a procedure for reconciling two competing mining interests in veins of ore. Thus "[w]here two or more veins intersect or cross each other, priority of title shall govern," but the holder of the subsequent claim "shall have the right-of-way through the space of intersection for the purposes of the convenient working of the mine." *Id.* As this text makes clear, § 41 applies only in situations where "two or more veins intersect or cross each other." Here, Mills's complaint makes no allegations regarding intersecting or crossing veins, and Mills does not contend he is engaged in a dispute regarding priority of title to ore or minerals. *See Calhoun Gold Mining Co. v. Ajax Gold Mining Co.*, 182 U.S. 499 (1901) (applying § 41 to a dispute over intersecting underground veins of ore). Section 41 is therefore inapplicable, and the district court correctly dismissed this claim against Wood.[9]

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART.**

---

[9] To the extent Mills appeals the district court's dismissal of claims under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), the Declaratory Judgment Act, 28 U.S.C. § 2201, or other theories, they were not "specifically and distinctly" argued in the opening brief and therefore are waived. *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).