**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN KENNER; KATHLEEN KENNER, Plaintiffs - Appellants, v. ERIC H. HOLDER, Jr., Attorney General; et al., Defendants - Appellees. | No. 12-57343 D.C. No. 3:12-cv-01011-MMA-WVG MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted January 21, 2015[**]

Before:    CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Brian and Kathleen Kenner appeal pro se from the district court's judgment

dismissing their action alleging that defendants violated their constitutional rights

by relying on 26 U.S.C. §§ 7432, 7433, the Federal Torts Claims Act, and the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

doctrine of judicial immunity in prior litigation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(1), *Mills v. United States*, 742 F.3d 400, 404 (9th Cir. 2014), and we affirm.

The district court properly dismissed the Kenners' action for lack of federal subject matter jurisdiction because defendants are entitled to sovereign immunity and the Kenners failed to demonstrate waiver. *See id.* at 405 ("Suits against the government are barred for lack of subject matter jurisdiction unless the government expressly and unequivocally waives its sovereign immunity."); *see also Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("[T]he bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants.").

The district court did not abuse its discretion in denying leave to amend because amendment would have been futile. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (setting forth standard of review and explaining that a district court may deny leave to amend where the amendment would be futile).

Because we affirm dismissal on the basis of sovereign immunity, we do not address the parties' arguments concerning other bases for dismissal.

The Kenners' request for judicial notice, filed on April 7, 2013, is granted.

Defendants' motion to dismiss, filed on March 4, 2014, is denied as moot.

**AFFIRMED**.