NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDRA L. BENNETT, | No. 13-35821 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-05382-RAJ |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted July 10, 2015**
Seattle, Washington

Before: NGUYEN and FRIEDLAND, Circuit Judges and ZOUHARY,*** District Judge.

Sandra Bennett appeals from the district court's affirmance of the denial of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

Social Security disability benefits.   We affirm.

The Administrative Law Judge ("ALJ") gave "specific and legitimate reasons that are supported by substantial evidence," *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005), for discounting the opinion of Bennett's treating physician.   Substantial evidence supports the ALJ's finding that the treating physician's opinion was inconsistent with the medical record and Bennett's work history.   Any errors in the ALJ's additional reasoning were harmless.   *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

The ALJ properly gave specific, clear, and convincing reasons for disbelieving Bennett's subjective complaints of pain.   *See id.* at 1112.   Bennett's work history and layoff date were sufficient reasons to support the ALJ's adverse credibility determination.   *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).   Any error in the ALJ's additional reasoning was harmless.   *See Bray*, 554 F.3d at 1227.

The ALJ properly gave a germane reason for discounting Bennett's husband's testimony.   *See Molina*, 674 F.3d at 1111.   The inconsistency between Bennett's abilities and her husband's testimony is a germane reason to discount her

husband's testimony.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Substantial evidence supports the ALJ's finding that Bennett's impairments do not meet or equal any listing.  And the ALJ was not required to explain why Bennett's impairments do not equal Listing 1.04, because Bennett did not present evidence in an effort to establish medical equivalence.  *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001).

Bennett's argument that the ALJ erred in determining Bennett's residual functional capacity rises and falls with other arguments that we have already rejected.  In the same vein, an ALJ's hypothetical to a vocational expert needs only to include those limitations that are supported by substantial evidence, *see Bayliss*, 427 F.3d at 1217, so Bennett's challenges to the ALJ's hypothetical's assumptions fail for the same reasons that we have already expressed.  *Cf. Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

Bennett has waived her argument that the vocational expert's testimony conflicts with Medical-Vocational Rule 201.00(f) by raising this argument for the first time on appeal.  *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

3

Similarly, by failing to raise the argument "specifically and distinctly" in her opening brief, Bennett has waived her contention that the ALJ erred in failing to find (at step two) that Bennett's depression and anxiety were severe impairments. *See Mills v. United States*, 742 F.3d 400, 409 n.9 (9th Cir. 2014).

**AFFIRMED.**