**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS J. VANDERPOL, a Washington resident, in his individual capacity, | No. 13-35417 |
| Plaintiff - Appellee, | D.C. No. 2:12-cv-00773-MJP |
| v. | MEMORANDUM[*] |
| STEVE SWINGER, | |
| Defendant - Appellant, | |
| And | |
| JANE DOE SWINGER, in their individual and marital community; THE UNITED STATES OF AMERICA, GSA FUND, a governmental entity, | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Argued and Submitted October 13, 2015
Seattle, Washington

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: W. FLETCHER and FISHER, Circuit Judges and WILKEN,[**] Senior District Judge.

Steve Swinger appeals the district court's grant of summary judgment against him, contending that the district court lacked subject matter jurisdiction to decide this case. We agree.

Douglas J. Vanderpol owns property lying to the southeast of the Nooksack River in Whatcom County, Washington. The United States also owns property lying to the southeast of the Nooksack and immediately to the north of Vanderpol's property. Swinger owns property lying to the northwest of the Nooksack and just across the river from Vanderpol's property and the United States' property. Vanderpol brought this quiet title action against Swinger in federal district court. His complaint alleged that, over roughly the last 125 years, the location of the Nooksack has changed due to accretion. Consequently, the complaint alleges, land that was once part of Swinger's property when the United States originally patented the property is now a part of either Vanderpol's property or the United States' property.

---

[**] The Honorable Claudia Wilken, Senior District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

The district court concluded that it had subject matter jurisdiction under 28 U.S.C. § 1346(f), which grants district courts exclusive original jurisdiction over civil actions arising under the Quiet Title Act, 28 U.S.C. § 2409a. The Quiet Title Act allows a plaintiff to name the United States as a defendant in a civil action "to adjudicate a disputed title to real property in which the United States claims an interest . . . ." *Id.* § 2409a(a). We narrowly construe the requirement that the United States "claim[] an interest" in the "disputed" title. *See Mills v. United States*, 742 F.3d 400, 405 (9th Cir. 2014). "For a title to be disputed for purposes of the [Quiet Title Act], the United States must have adopted a position in conflict with a third party regarding that title." *Id.*

This requirement is not met here. Before Vanderpol filed this lawsuit, the United States had never asserted ownership or taken actions implying ownership over the disputed land. Further, in its amended answer to Vanderpol's complaint, the United States denied that there was a genuine dispute between it and Vanderpol over title to the disputed land and further denied that the district court had subject matter jurisdiction under the Quiet Title Act. Because the United States never claimed an interest in the disputed land, the district court lacked subject matter jurisdiction to decide this case. For this reason, we do not reach the merits of the other issues raised on appeal. The district court's judgment, order granting

3

attorney fees and statutory damages dated June 4, 2013, and stipulated order dated May 3, 2013 are vacated, and this case is remanded with instructions to dismiss for lack of jurisdiction.

**VACATED and REMANDED with instructions**.

Each side to bear its own costs on appeal.

4