**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 5 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM F. HOLDNER, Holdner Farms, | No.   16-36046 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00475-BR |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted September 26, 2017[**]

Before:     SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

William F. Holdner appeals pro se from the district court's judgment

dismissing his action challenging income taxes and penalties for the tax years

2004, 2005, and 2006.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo a dismissal for lack of subject matter jurisdiction.  *Mills v. United States*,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

742 F.3d 400, 404 (9th Cir. 2014). We affirm.

The district court properly dismissed Holdner's action for lack of subject matter jurisdiction because Holdner failed to show that he paid the taxes in full prior to filing suit, or that he filed a refund claim, and Holdner previously petitioned the Tax Court challenging the assessments raised in his complaint. *See Flora v. United States*, 362 U.S. 145, 177 (1960) (full payment of assessment required before filing suit); *Omohundro v. United States*, 300 F.3d 1065, 1067-69 (9th Cir. 2002) (a taxpayer's failure to file a timely refund claim divests the district court of jurisdiction over a refund suit); *First Nat'l Bank of Chicago v. United States*, 792 F.2d 954, 955-56 (9th Cir. 1986) (26 U.S.C. § 6512 has a "broad general application so as to provide that if the taxpayer files a petition with the tax court, the mere filing of the petition operates to deprive the district court of jurisdiction to entertain a subsequent suit for refund." (citation and internal quotations omitted)).

We reject as without merit Holdner's contention that his action qualifies as a citizen suit under 33 U.S.C. § 1365(a).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-36046