**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JUAN CARLOS VALADEZ-LOPEZ,
      *Plaintiff-Appellant,*

v.

MICHAEL CHERTOFF; ALBERTO R.
GONZALES; JERRY J. ENOMOTO; JOHN
MCGINNESS; MACK WIMBISH;
YAKOV GRINBERG, in his individual
capacity; DONALD LOWN, in his
individual and official capacities,
      *Defendants,*

and

UNITED STATES OF AMERICA,
      *Defendant-Appellee.*

No. 09-16375

D.C. No.
2:07-cv-01566-LEW

16385

JUAN CARLOS VALADEZ-LOPEZ,
          *Plaintiff-Appellant,*

          v.

MICHAEL CHERTOFF; ALBERTO R.
GONZALES; JERRY J. ENOMOTO;
UNITED STATES OF AMERICA,
          *Defendants,*

          and

DONALD LOWN, in his official
capacities,
          *Defendant-Appellee.*

No. 09-17479

D.C. No.
2:07-cv-01566-LEW

JUAN CARLOS VALADEZ-LOPEZ,
          *Plaintiff-Appellant,*

          v.

MICHAEL CHERTOFF; ALBERTO R.
GONZALES; JERRY J. ENOMOTO;
UNITED STATES OF AMERICA,
          *Defendants,*

          and

YAKOV GRINBERG, in his individual
capacity,
          *Defendant-Appellee.*

No. 09-17481

D.C. No.
2:07-cv-01566-LEW

OPINION

Appeal from the United States District Court
for the Eastern District of California
Ronald S.W. Lew, Senior District Judge, Presiding

Argued and Submitted
November 30, 2010—San Francisco, California

Filed August 26, 2011

Before: Mary M. Schroeder, Sidney R. Thomas, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Thomas

**COUNSEL**

Carter C. White, Lorin Kline (certified law student), and Elizabeth Liang (certified law student); University of California

Davis School of Law (King Hall) Civil Rights Clinic, Davis, California; Laurence O. Masson, Berkeley, California, for the plaintiff/appellant.

J. Scott Smith, Angelo, Kilday & Kilduff, Sacramento, California, for defendants/appellees Donald Lown and Richard Van Zandt.

Tony West, Assistant Attorney General, Benjamin B. Wagner, United States Attorney General, Thomas M. Bondy and Kelsi Brown Corkran, United States Department of Justice, Washington, DC, for the federal defendants/appellees.

---

## OPINION

THOMAS, Circuit Judge:

In this appeal, we consider whether the plaintiff properly exhausted his administrative remedies under the Federal Tort Claims Act ("FTCA" or the "Act"), 28 U.S.C. §§ 1346, 2671-80, *see id.* § 2675(a), where the federal agencies denied the plaintiff's administrative tort claims before he amended his complaint in an ongoing civil action to name the United States as a party and allege a new cause of action under the Act. We conclude that the claims were properly exhausted, but affirm the district court's dismissal on the alternate ground that Valadez-Lopez stated FTCA claims that fall outside the Act's waiver of sovereign immunity. We also affirm the grant of summary judgment on Valadez-Lopez's ineffective assistance of counsel claims, premised on 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

I

This case has a complicated procedural and factual history. Distilled to its essence, the salient facts are as follows: Juan

Carlos Valadez-Lopez's public defender knew that Valadez-Lopez was an undocumented immigrant, yet nonetheless advised him to plead no contest to attempted burglary in the first degree on charges that he jiggled the door knob of a house that was not his own. Based on Valadez-Lopez's conviction, the government detained him for a year pending his removal proceedings in local jails on contract with the federal government. Valadez-Lopez was ultimately permitted to withdraw his plea and eventually prevailed on his applications for asylum and cancellation of removal. He claims that various authorities unconstitutionally deprived him of medication for his schizophrenia during his immigration detention, and that that detention resulted from the insufficient training that Yolo County, California, provided to its public defenders regarding the immigration consequences of criminal pleas.

He initially filed suit against local officials under § 1983 and federal officials under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). He separately filed administrative tort claims with the appropriate federal agencies, pursuant to the FTCA's exhaustion requirement. *See* 28 U.S.C. § 2675(a). In his administrative tort claims, Valadez-Lopez alleged that federal authorities negligently deprived him of medication he needed to control his schizophrenia during his immigration detention. After six months, having received no response from the agencies as to his administrative claims, he considered the requests to have been deemed denied, *see id.*, and amended his complaint to name the United States as a defendant and allege liability under the FTCA. Subsequently, he received notification from the agencies that his administrative claims had been denied. The notice contained the form language stating that if he were dissatisfied with the denial of his claims, he could file suit in federal district court within six months after the denial notification was mailed.

The district court granted the United States' motion to dismiss the FTCA claims for lack of administrative exhaustion

and granted the local defendants' motion for summary judgment on the § 1983 claims. Valadez-Lopez timely appealed.

II

The district court erred in concluding that Valadez-Lopez had failed to exhaust his administrative remedies, and that it therefore lacked subject matter jurisdiction over his FTCA claims.

**[1]** The FTCA "waives the sovereign immunity of the United States for actions in tort" and "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). "However, the Act further provides that before an individual can file an action *against the United States* in district court, [he] must seek an administrative resolution of [his] claim." *Id.* (emphasis added) (citing 28 U.S.C. § 2675(a)). Specifically, the FTCA provides that:

> An action shall not be instituted upon a claim *against the United States* for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added). "The requirement of an administrative claim is jurisdictional." *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (citing *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995)). "Because the requirement is jurisdictional, it 'must be strictly adhered

to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.' " *Id.* (quoting *Jerves*, 966 F.2d at 521). Indeed, the Supreme Court has described the FTCA's exhaustion requirement as a "clear statutory command." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**[2]** As applied to these facts, the plain text of the FTCA's "clear statutory command" in 28 U.S.C. § 2675(a) establishes that Valadez-Lopez properly exhausted his administrative remedies under the Act. Valadez-Lopez's original complaint neither named the United States as a defendant nor stated a claim under the Act. He only amended his complaint to name the United States and include an FTCA cause of action after the government had failed to respond to his administrative claims within six months. The statute provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). As we noted in *Jerves*, "[a] tort claimant may not commence proceedings in court *against the United States* without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." 966 F.2d at 519 (emphasis added) (citing *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974)). Here, Valadez-Lopez exhausted his administrative remedies before "institut[ing] . . . a claim against the United States" under the FTCA. 28 U.S.C. § 2675(a). The government subsequently acknowledged that his FTCA claim was administratively exhausted by notifying Valadez-Lopez that the claim was denied and that he had six months from that date in which to file an FTCA lawsuit. Under these facts, there is no doubt that the FTCA claims were administratively exhausted, and that the district court had jurisdiction over his FTCA claim.

**[3]** Although it portrays its argument to the contrary as one founded on failure to exhaust administrative remedies, the

government's central thesis is that "[t]he filing of an amended complaint is not the equivalent to instituting an action *following* the exhaustion of administrative remedies." (Emphasis added.) The government reasons that the court is required to dismiss the FTCA claim in the amended complaint and to require the plaintiff to file an entirely new lawsuit founded on the same nucleus of facts. The government concedes, however, that if the plaintiff had filed a new lawsuit as it suggests, the second suit could be—and probably should be—consolidated with the prior pending action.

**[4]** The government's position finds support in neither the plain language of the statute nor in the law of our circuit. In *Ibrahim v. Department of Homeland Security*, 538 F.3d 1250 (9th Cir. 2008), for example, we stated that where a plaintiff filed suit before exhausting administrative remedies, she might have saved her FTCA claim by "ask[ing] the district court to stay the litigation so she could attempt to [exhaust] while the litigation was pending." *Id.* at 1258 (citing *McNeil*, 508 U.S. at 113). There is nothing in the statute or our case law that would prevent a plaintiff from amending an existing complaint asserting non-FTCA claims to name the United States as a defendant and include FTCA claims once those claims have been administratively exhausted.

**[5]** The cases cited by the government are inapposite, because they involve the circumstance in which a plaintiff filed *an FTCA lawsuit* before exhausting his or her FTCA administrative remedies. For example, in *McNeil*, the Supreme Court considered whether a plaintiff's FTCA claim was properly brought where the claimant filed an FTCA suit, "invok[ing] the federal court's jurisdiction *under the FTCA*," four months before he submitted an administrative tort claim to the federal agency. 508 U.S. at 108 (emphasis added). McNeil argued that his claim was proper because "no substantial progress ha[d] been made in the litigation by the time [he had] exhausted his administrative remedies." *Id.* at 111. The Supreme Court rejected McNeil's argument, holding that

"[t]he most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process" because "[e]very premature filing *of an action under the FTCA* imposes some burden on the judicial system." *Id.* at 112 (emphasis added) (footnote omitted).

*McNeil* does not control the outcome here, where Valadez-Lopez "invoked the federal court's jurisdiction *under the FTCA*" in his amended complaint after he exhausted his administrative remedies. *Id.* at 108.[1]

**[6]** Furthermore, *McNeil* ought not be read as preventing a plaintiff who wishes to state a number of federal and state law claims against an array of defendants from filing a complaint alleging common facts and amending it after exhaustion to state an additional claim under the FTCA. Such a reading would require undue acrobatics of such a plaintiff, given the

---

[1]The government is incorrect to rely on *Barrett ex rel. Estate of Barrett v. United States*, 462 F.3d 28 (1st Cir. 2006); *Edwards v. District of Columbia*, 616 F. Supp. 2d 112 (D.D.C. 2009); *Ortiz-Romany v. United States*, 497 F. Supp. 2d 285 (D.P.R. 2007); *Schneider v. Kissinger*, 310 F. Supp. 2d 251 (D.D.C. 2004); and *Estate of Przysiecki v. Eifert*, No. 07cv0039-WQH, 2007 WL 3306074 (S.D. Cal. Nov. 2, 2007). In each of these cases, the plaintiff's original complaint, filed before administrative remedies were exhausted, sought "redress from the government pursuant to the FTCA." *Barrett*, 462 F.3d at 31 (emphasis added); *see Edwards*, 616 F. Supp. 2d at 115 (plaintiff conceding that the claims in her original complaint, filed prior to exhaustion, were "cognizable only under the FTCA"); *Ortiz-Romany*, 497 F. Supp. 2d at 287 (pre-exhaustion suit filed "under . . . the Federal Tort Claim[s] Act"); *Schneider*, 310 F. Supp. 2d at 269-70 (pre-exhaustion complaint "sued the United States for damages" and therefore "met the definition of the FTCA for 'a claim against the United States' under § 2675(a)"); *Przysiecki*, 2007 WL 3306074, at *1 (pre-exhaustion complaint "allege[d] causes of action . . . pursuant to the Federal Tort Claims Act"). Even while citing *Sparrow v. U.S. Postal Service*, 825 F. Supp. 252 (E.D. Cal. 1993), in support of its argument, the government concedes that there the plaintiff had attempted to assert FTCA claims against the United States in his original complaint, which was filed prior to administrative exhaustion.

different statutes of limitations at play. For example, in his original and amended complaints, Valadez-Lopez stated *Bivens* claims against various federal actors alleging that they unlawfully deprived him of medication during his immigration detention. "Although federal law determines when a *Bivens* claim accrues, the law of the forum state determines the statute of limitations for such a claim. In California, the statute of limitations is one year." *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002) (footnotes omitted) (citing Cal. Civ. Proc. Code § 340(3)); *W. Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000) (per curiam) (noting that the personal injury statute of limitations of the state applies in *Bivens* actions). By contrast, under the FTCA, administrative tort claims can be filed with the federal agency up to two years after they accrue, 28 U.S.C. § 2401(b), and, unless the agency acts more swiftly, such claims are only deemed denied after six months of agency inaction, *id.* § 2675(a). Accordingly, reading § 2675(a) and *McNeil* as the government urges would effectively overrule § 2401(b)'s two-year statute of limitations for administrative claims made pursuant to the FTCA for those plaintiffs wishing to also allege *Bivens* theories in states where the latter claims are governed by shorter limits. Assuming he filed administrative tort claims immediately upon his release from immigration detention, and assuming that the agencies did not act on his claims within six months, Valadez-Lopez would be left with only an additional six months in which to file a combined *Bivens* and FTCA action—well short of the time allowed by the Act for filing administrative claims. 28 U.S.C. § 2401(b).

**[7]** A requirement to file a new separate lawsuit and then consolidate it with a prior pending action would undermine the objectives of the exhaustion requirement as recognized by the Supreme Court and ours: saving judicial resources and promoting settlement. *See McNeil*, 508 U.S. at 111-12 & nn. 7-8; *Brady*, 211 F.3d at 503 ("[t]he purpose of the FTCA's administrative claim procedure is 'to encourage administrative settlement of claims against the United States and thereby

to prevent an unnecessary burdening of the courts' " (quoting *Jerves*, 966 F.2d at 520)); *accord Cadwalder*, 45 F.3d at 302.

**[8]** Alternatively, the government cites Federal Rule of Civil Procedure 15(c) for the proposition that Valadez-Lopez's amended complaint asserting the FTCA claim "relates back" to the date of the filing of his original complaint, at which point he had not yet exhausted administrative remedies. Rule 15(c) states that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). However, it is well-established that an " 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' " *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). Furthermore, Rule 15(c) "is addressed primarily to statute of limitations problems," *Lewis v. Lewis*, 358 F.2d 495, 502 (9th Cir. 1966), which are not presented by these facts. *See also Rural Fire Prot. Co. v. Hepp*, 366 F.2d 355, 362 (9th Cir. 1966) ("[T]he purpose of Rule 15(c) is to defeat the bar of statutes of limitations . . . ."). The government's argument fails. The district court's exercise of subject matter jurisdiction over Valadez-Lopez's FTCA claim was not precluded by the Act's exhaustion requirement, and the district court was incorrect to dismiss the claim based on that ground.

III

**[9]** Although we disagree with the government's assertion that dismissal was proper for failure to exhaust administrative remedies, we agree with the government's alternative argument that the claims were properly dismissed because Valadez-Lopez did not state a claim within the FTCA's waiver of sovereign immunity. The FTCA waives sovereign immunity only for claims alleging "the negligent or wrongful

act or omission of any *employee of the Government* while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (emphasis added). The Act defines "employee of the government" to include, as relevant here,

> officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation[.]

*Id.* § 2671. The Act further specifies that

> the term "Federal agency" includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, *but does not include any contractor with the United States*.

*Id.* (emphasis added). The government may be sued under the Act "for the actions of a government contractor and its employees" only if the contractor is acting as an agent of the government, i.e. "if the government has the authority 'to control the detailed physical performance of the contractor' and supervise its 'day-to-day operations.' " *Letnes v. United States*, 820 F.2d 1517, 1518 (9th Cir. 1987) (quoting *United States v. Orleans*, 425 U.S. 807, 814-15 (1976)).

**[10]** Accordingly, in order to state a claim within the FTCA's waiver of sovereign immunity, Valadez-Lopez must allege negligence (1) by "officers or employees of a[ ] federal agency," which includes executive departments such as ICE and the Department of Homeland Security but which does not include contractors, 28 U.S.C. § 2671; (2) by "persons acting on behalf of a federal agency in an official capacity," *id.*; or (3) by a government contractor over whose "day-to-day oper-

ations" the government maintains "substantial supervision," *Letnes*, 820 F.2d at 1519 (citing *Ducey v. United States*, 713 F.2d 504, 516 (9th Cir. 1983)). The district court below denied the government's initial motion to dismiss to the extent it argued that Valadez-Lopez's medication claim did not fall within any of these three categories, and therefore was not encompassed by the FTCA's waiver of sovereign immunity. It stated without elaboration that the allegations in Valadez-Lopez's complaint were "sufficient to state a claim under the Federal Tort Claims Act." We disagree.

A complaint "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' " *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). It need not state "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it must aver "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, ___ U.S. at ___, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (alteration in the original) (quoting *Twombly*, 550 U.S. at 557).

**[11]** Valadez-Lopez was detained in local jails, by all accounts staffed by local officials, that maintain contracts with the federal government to house immigration detainees. In his complaint, Valadez-Lopez does not identify how any federal government employee negligently caused or contributed to his being deprived of his schizophrenia medication, nor does he state that any other defendants acted on behalf of a federal agency in an official capacity, *see* 28 U.S.C. § 2671, or that they qualified as government contractors for whose conduct the United States is liable under the FTCA, *see Letnes*, 820 F.2d at 1518-19. Rather, the complaint makes vague and somewhat incomprehensible assertions concerning the federal employees. To conclude that such a complaint stated claims sufficient to invoke the waiver of sovereign immunity

would unreasonably require trial courts and defendants to piece together a theory of liability from a string of unrelated and incoherent assertions. *See Ove v. Gwinn*, 264 F.3d 817, 821, 824-25 (9th Cir. 2001). Therefore, we affirm the district court's dismissal of Valadez-Lopez's FTCA claim because it does not fall within the Act's waiver of sovereign immunity.

IV

**[12]** The district court properly granted summary judgment on Valadez-Lopez's § 1983 claims. The sole individual claim remaining on appeal is plaintiff's complaint against Yolo County Deputy Public Defender Donald Lown.[2] Valadez-Lopez asserted that Lown was liable under 42 U.S.C. § 1983 for his conduct in training and supervising Van Zandt, Valadez-Lopez's defense attorney. The district court concluded that Valadez-Lopez had not shown that Lown trained or supervised Van Zandt at the relevant times. On appeal, Valadez-Lopez concedes this argument: he points to no evidence in the record that would establish a triable issue of fact regarding Lown's alleged training of Van Zandt when Van Zandt was advising Valadez-Lopez. Therefore, the district court correctly granted summary judgment on this claim.

**[13]** The district court also properly granted summary judgment on Valadez-Lopez's *Monell* claim. Valadez-Lopez never named Yolo County as a defendant.[3] His pleadings did

---

[2]On appeal, Valadez-Lopez also argues that the district court erred in granting Yolo County Deputy Public Defender Richard Van Zandt summary judgment on his § 1983 claim. This argument is not properly before us, however, as the relevant notice of appeal only specified "the district court's grant of summary judgment in favor of Defendant Donald Lown." The Federal Rules of Appellate Procedure provide "that the notice of appeal must 'designate the judgment, order, or part thereof being appealed.' " *Lolli v. Cnty. of Orange*, 351 F.3d 410, 414 (9th Cir. 2003) (quoting Fed. R. App. P. 3(c)(1)(B)).

[3]We acknowledge that § 1983 claims "against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." *Butler v. Elle*, 281 F.3d 1014, 1023 n.8 (9th Cir. 2002) (citing *Kentucky v. Graham*, 473 U.S 159, 165-66 (1985)); *see Monell*, 436 U.S. at 690 n.55. In his briefing before us, however, Valadez-Lopez concedes that "the better practice is to name the employing public entity as a defendant at the outset of the case."

not reference Monell, *City of Canton*,[4] or related cases. Simply put, his suit did not put Yolo County on notice of his theory of liability.

**[14]** The Supreme Court has emphasized that, particularly when a plaintiff's claim "turns on a failure to train" and therefore when "[a] municipality's culpability for a deprivation of rights is at its most tenuous," proper notice is imperative. *Connick v. Thompson*, ___ U.S. ___, ___, 131 S. Ct. 1350, 1359 (2011); *see id.* at 1359-60; *Board of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 407-10 (1997); *Graham*, 473 U.S. at 166 ("*As long as the government entity receives notice and an opportunity to respond*, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." (emphasis added) (citation omitted)). While the Court's emphasis is primarily on whether, prior to a plaintiff's lawsuit, a pattern of constitutional violations has put the municipality on notice that its training regimen is insufficient, *see, e.g.*, *Bryan*, 520 U.S. at 407, it is equally applicable where successive pleadings leave the municipality to guess as to the plaintiff's theory. Faced with Valadez-Lopez's many amended complaints, none of which cited *Monell* or related cases and only the last of which introduced language referencing them, Yolo County cannot be blamed for being caught unaware as to Valadez-Lopez's claims. Nor can it be held liable under them. The district court's order granting summary judgment was proper.

V

If the allegations of his complaint are true, Valadez-Lopez suffered needless harm. He was apparently wrongfully detained and then denied medication while in custody. However, as presented, his legal claims are not viable, and the district court afforded him multiple opportunities to amend his complaint. We affirm the dismissal of the FTCA claim and

---

[4]*City of Canton v. Harris*, 489 U.S. 378 (1989).

the grant of summary judgment on the § 1983 claims. We have reviewed Valadez-Lopez's remaining contentions and have determined that they are without merit.[5]

**AFFIRMED.**

---

[5]We acknowledge and thank the University of California Davis School of Law (King Hall) Civil Rights Clinic for its excellent *pro bono* representation of Valadez-Lopez on appeal.