Chief Judge KOZINSKI,
concurring in the judgment:
I agree with Judges Tashima and Bea that 28 U.S.C. § 2401(b) is jurisdictional, but can’t dissent because a plaintiff like Wong who begins her FTCA action too early can cure the defect by filing a motion to amend the premature complaint. See Valadez-Lopez v. Chertoff, 656 F.3d 851, 855-58 (9th Cir.2011). Wong filed such a motion before she had finally exhausted her administrative remedies, which was too soon. See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 112-13, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). But, on December 10, 2001, after the INS denied her claim and before the six-month section 2401(b) window slammed shut, Wong filed a reply memorandum reiterating her request for leave to file a second amended complaint.
While we don’t typically treat a reply as a motion, there’s nothing to preclude us from doing so. In this case, Wong’s request had all the physical attributes of a motion: It was made in writing, filed with the court, served on the other side, prayed for relief and “state[d] with particularity” why she was entitled to it. See Fed. R.Civ.P. 7(b). She pointed out that “the court currently has jurisdiction over plaintiffs’ FTCA claims and plaintiffs should be allowed to amend the complaint to add those claims.” In her conclusion, she again prayed for this relief: “[PJlaintiffs *1054 should be granted leave to file their Second Amended Complaint.”
The government concedes that if Wong moved for leave to amend her complaint during the six months following the INS’s denial of her claim, she’s entitled to maintain her lawsuit. Cf. McNeil, 508 U.S. at 107-10 & n. 5, 113 S.Ct. 1980; Valadez-Lopez, 656 F.3d at 855-58. Wong did file such a motion, albeit within a document captioned “Reply Memorandum.”
The majority claims that construing Wong’s reply as a motion would be “novel,” maj. op. 1051, but we regularly treat non-motion filings as motions when equity calls for it. See, e.g., United States v. Rewald, 835 F.2d 215, 216 (9th Cir.1987) (construing notice of appeal as motion for remand); United States v. Aguirre-Pineda, 349 Fed.Appx. 212, 2009 WL 3368445, at *1 (9th Cir.2009) (construing letter as motion for appointment of counsel); Rapanan v. Nikkei Manor/Nikkei Concerns, 42 Fed.Appx. 976, 2002 WL 1891677 (9th Cir.2002) (construing letter as motion for extension of time to request oral argument). And there’s certainly nothing novel about finding a motion nested within a document that serves another purpose. See, e.g., United States v. Harvey, 55 Fed.Appx. 445, 446 (9th Cir.2003) (construing opening brief as motion to withdraw as counsel of record). Sometimes, we’re even required to do so. See, e.g., Ninth Circuit Rule 22-1(e) (“Uncertified issues raised and designated in [an appellant’s opening brief] will be construed as a motion to expand the COA....”). But even if it were novel, so what? Novelty is not an enemy of justice; we’re judges, not plumbers.
We owe Wong the benefit of our compassion and creativity. After all, had the district court acted on her motion within the section 2401(b) six-month period, she wouldn’t be in this fix. But federal district courts are chronically overworked, facing volumes of motions and briefing every day. It thus took the court more than seven months to act on this routine motion — a delay Wong didn’t cause and couldn’t have foreseen. The government suggests that, instead of waiting for the district court to act on her motion, Wong should have refiled it. Yeah, right. How many litigants have the nerve to vex a federal judge with a clone motion while the original is still pending? Bad things can happen to those who twist the tiger’s tail. See, e.g., Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co., 981 F.2d 429, 439 (9th Cir.1992) (affirming imposition of sanctions for filing duplicative motions). Instead, Wong used her reply sensibly: She reiterated her request to amend, advanced new arguments in support of that request and pointed out that the court had acquired jurisdiction to grant it. To treat Wong’s document as a legal nullity because she called it a reply rather than a motion is inequitable and nonsensical. I thought we had abandoned such pedantry in 1938. See 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1196 (3d ed.2004) (“Fortunately, under federal practice the technical name attached to a motion or pleading is not as important as its substance.”); see also Jack B. Weinstein, The Ghost of Process Past: The Fiftieth Anniversary of the Federal Rules of Civil Procedure and Erie, 54 Brook. L.Rev. 1, 2-3 (1988) (“When the Rules were first adopted, they were optimistically intended to clear the procedural clouds so that the sunlight of substance might shine through.”).
The majority claims that construing Wong’s reply as satisfying section 2401(b) would itself be “an equitable adjustment of the usual application of limitations periods.” Maj. op. 1052. If we’re willing to do that, my colleagues argue, we should avoid this procedural “thicket” and just equitably toll the statute of 'limitations. Id. “In the end,” the majority concludes, “there is little difference in the underlying justification between” its approach and mine. Id. But the FTCA’s text, context and relevant *1055 historical treatment prohibit equitable tolling of the statutory deadline, not equitable construction of court filings. The majority and I may emerge on the same side — but I take the road our law provides. And that makes all the difference.
McNeil v. United States, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993), confirms this. McNeil dealt with section 2675(a), a different timing provision of the FTCA, which bars instituting an action in federal court before the administrative claim is “finally denied by the agency.” 508 U.S. at 111, 113 S.Ct. 1980 (quoting 28 U.S.C. § 2675(a)). The Court held in no uncertain terms that this exhaustion requirement is jurisdictional. McNeil, 508 U.S. at 113, 113 S.Ct. 1980; see also Bea Dissent at 1075. But it also left open the possibility that a plaintiff who had filed a complaint prematurely might, after agency denial, file something else that “constitute[s] the commencement of a new action.” McNeil, 508 U.S. at 110-11, 113 S.Ct. 1980. The Court explained: “As the case comes to us, we assume that the Court of Appeals correctly held that nothing done by petitioner after the denial of his administrative claim on July 21, 1989, constituted the commencement of a new action.” Id. at 110, 113 S.Ct. 1980. The Court reiterated this later in the opinion: “Again, the question whether the Court of Appeals should have liberally construed petitioner’s letter [requesting counsel] as instituting a new action is not before us.” Id. at 113 n. 9, 113 S.Ct. 1980. Thus, while finding a similar FTCA timing requirement to be jurisdictional, the Court made clear that the statute didn’t impair our traditional power to liberally construe court filings — even mere letters — when equity calls for us to do so. If a letter asking for counsel can be “liberally construed ... as instituting a new action,” why not a reply? The Court saw no contradiction between construing the statute strictly and construing a pleading liberally. That’s plenty good enough for me.
The delays inherent in the federal judiciary caused Wong’s problem, and in good conscience we should use such powers as we have to make it up to her. Had she filed nothing within the relevant time-frame, there would be nothing for us to construe and she’d be barred by the statute. See Bea Dissent; Tashima Dissent. But Wong did file, and that document contains a crystal clear motion to amend the complaint. We owe it to Wong to recognize this. I therefore concur in the judgment of the majority but in the reasoning of the dissents (as far as they go).