**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| D. L., a minor by and through his Guardian Ad Litem, Kari Ann Junio, *Plaintiff-Appellant*, | No. 15-15542 |
| | D.C. No. |
| v. | 1:14-cv-00824-AWI-BAM |
| MARGARET VASSILEV, M.D.; RODOLFO VICENTE, M.D.; MARK WISEMAN, M.D.; PAVEL MUNDL, M.D.; COUNTY OF TULARE; KAWEAH DELTA HEALTHCARE DISTRICT; SANDRA BOSMAN, M.D.; LORI ANN M. BOKEN, M.D.; T. PLUNKETT, RNC; D. BRACKETT, RNC; B. BROWN, RNFA; CHRISTOPHER BENCOMO, M.D., *Defendants*, | OPINION |
| and | |
| UNITED STATES OF AMERICA, *Defendant-Appellee*. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted February 13, 2017
San Francisco, California

Filed June 5, 2017

Before:  Marsha S. Berzon and Richard R. Clifton, Circuit
Judges, and Robert S. Lasnik,* District Judge.

Opinion by Judge Lasnik

**SUMMARY**\**

**Exhaustion / Federal Tort Claims Act**

The panel reversed the district court's dismissal for lack
of subject-matter jurisdiction on exhaustion grounds of a
Federal Tort Claims Act ("FTCA") claim brought by a minor
plaintiff, alleging that his mother died of postpartum
hemorrhage due to medical malpractice by a physician, who
was a deemed employee of the U.S. Public Health Service.

The panel held that plaintiff's initial failure to exhaust his
administrative remedies as to a defendant whom the plaintiffs
reasonably did not know was covered by the FTCA did not
deprive the federal courts of subject-matter jurisdiction over
that plaintiff's FTCA claim where the plaintiff dismissed his

---

*The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

**This summary constitutes no part of the opinion of the court.  It has
been prepared by court staff for the convenience of the reader.

initial suit against that defendant, and then exhausted his administrative remedies before amending his complaint in state court to add the defendant again.

The panel held that the district court erred in dismissing for lack of subject-matter jurisdiction plaintiff's administratively exhausted FTCA claim following the United States' second removal.

## COUNSEL

Mark W. Coleman (argued), Nutall & Coleman, Fresno, California, for Plaintiff-Appellant.

Victoria L. Boesch (argued) and Bobbie J. Montoya, Assistant United States Attorneys; United States Attorney's Office, Sacramento, California; for Defendant-Appellee.

## OPINION

LASNIK, District Judge:

This case presents the question whether, under the Federal Tort Claims Act (FTCA), a plaintiff's initial failure to exhaust his administrative remedies as to a defendant whom the plaintiff reasonably did not know was covered by the FTCA deprives the federal courts of subject-matter jurisdiction over that plaintiff's FTCA claim even after the plaintiff dismisses his initial suit against that defendant, and then exhausts his administrative remedies before amending his complaint in state court to add the defendant again. On appeal, Plaintiff-Appellant D.L. argues that the district court erred in dismissing his FTCA claim on exhaustion grounds. We agree.

## BACKGROUND

### A. Statutory Background

The FTCA, 28 U.S.C. §§ 1346, 2671–80, waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees. *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). Before a plaintiff can file an FTCA action in federal court, however, he must exhaust the administrative remedies for his claim. 28 U.S.C. § 2675(a). An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing. *Id.* The FTCA's exhaustion requirement is jurisdictional and may not be waived. *Jerves*, 966 F.2d at 519.

The Federally Supported Health Centers Assistance Act (FSHCAA) provides that the exclusive remedy for damages resulting from the performance of medical functions by employees of the U.S. Public Health Service acting within the scope of their employment is a claim against the United States under the FTCA. *See* 42 U.S.C. § 233(g). Upon certification that the defendant employee was acting within the scope of his employment at the time of the incident giving rise to the suit, the case must be removed and the proceeding deemed a tort action brought against the United States under the FTCA. 42 U.S.C. § 233(c).

## B. Facts

In March 2012, D.L., a minor, by and through his Guardian Ad Litem, brought this medical malpractice case in Tulare County Superior Court. D.L. alleged that his mother, Lisa Junio, had died of postpartum hemorrhage shortly after giving birth to him on December 17, 2010. He sued his mother's medical providers for negligence. While some defendants were named, others were listed as Does 1 to 50.

In November 2012, D.L. amended his complaint to substitute additional named defendants for Does 1 to 9. One of the newly named defendants was Christopher Bencomo, M.D.

In March 2013, citing the FSHCAA and Dr. Bencomo's status as a deemed employee of the U.S. Public Health Service, the United States removed D.L.'s action to federal court and substituted itself as a defendant in place of Dr. Bencomo. Upon removal, because D.L. had not satisfied the FTCA's exhaustion requirement with regard to Dr. Bencomo, the parties stipulated to the dismissal without prejudice of

D.L.'s claims against the United States arising from Dr. Bencomo's actions. The district court remanded the state law claims against the other defendants to Tulare County Superior Court.

In July 2013, D.L. filed an administrative tort claim under the FTCA with the U.S. Department of Health and Human Services. The agency denied D.L.'s claim on November 15, 2013.

On April 1, 2014, D.L. amended his complaint in the Tulare County Superior Court case to substitute Dr. Bencomo for Doe 9. As before, the United States removed the action to federal court and substituted itself as a defendant in place of Dr. Bencomo, citing the FSHCAA and the FTCA.

In federal court, the United States moved to dismiss the claims against it for lack of subject-matter jurisdiction, arguing that D.L.'s initial failure to exhaust his FTCA remedies before naming Dr. Bencomo as a defendant in November 2012 had not been cured by D.L.'s subsequent FTCA exhaustion in November 2013. Over D.L.'s opposition, the district court concluded that it lacked subject-matter jurisdiction over D.L.'s claims arising from Dr. Bencomo's actions, dismissed those claims without prejudice, and once again remanded the state claims against the individual defendants to Tulare County Superior Court. D.L. timely appealed.

## DISCUSSION

On appeal, D.L. argues that the district court erred in holding that his initial failure to exhaust his administrative remedies deprived the court of subject-matter jurisdiction

even after D.L. had exhausted his administrative remedies. The United States argues that the FTCA's complete exhaustion requirement demands that D.L. file a new suit after exhaustion, rather than amend his premature complaint.

We review de novo the district court's order granting a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Mills v. United States*, 742 F.3d 400, 404 (9th Cir. 2014). We review for clear error the district court's factual findings on jurisdictional issues. *Viewtech, Inc. v. United States*, 653 F.3d 1102, 1103–04 (9th Cir. 2011).

In general, the FTCA's exhaustion requirement demands that a plaintiff exhaust his administrative remedies before he files an FTCA claim in federal court. In *McNeil v. United States*, 508 U.S. 106 (1993), the Supreme Court clarified that a prematurely filed FTCA claim must be dismissed even if the plaintiff ultimately exhausts his administrative remedies before "substantial progress" has occurred in the case. *Id*. at 110, 113. There, the plaintiff filed an FTCA claim against the United States in federal court before exhausting his administrative remedies. After exhausting his remedies, the plaintiff notified the district court that his administrative claim had been denied. The district court granted the United States' motion to dismiss plaintiff's complaint as premature due to the failure to exhaust before filing. The Supreme Court affirmed, settling a circuit split over whether a premature FTCA complaint could survive dismissal if administrative exhaustion occurred before "substantial progress" had been made in the federal litigation. *Id.* at 110–13.

We have held, however, that the FTCA's exhaustion requirement does not prevent a plaintiff from amending a previously filed federal complaint over which there is jurisdiction to *add* an FTCA claim once he has exhausted his administrative remedies.   In *Valadez-Lopez v. Chertoff*, 656 F.3d 851 (9th Cir. 2011), the plaintiff filed suit in federal court alleging claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), against parties other than the United States.   Separately, the plaintiff filed an administrative claim under the FTCA.   After six months elapsed without a response from the agency, the plaintiff amended his complaint to add an FTCA claim against the United States.  Subsequently, the plaintiff received a notice of claim denial from the agency.   The district court granted the Unites States' motion to dismiss the FTCA claims for lack of subject-matter jurisdiction, because the plaintiff had filed a complaint in district court before he administratively exhausted.   On appeal, this court reversed, holding that the plaintiff had exhausted his administrative remedies prior to initiating an FTCA action and that the district court therefore had subject-matter jurisdiction over that claim.   656 F.3d at 854–58.

D.L. argues that this court's decision in *Valadez-Lopez* permits him to amend an existing complaint to add claims covered by the FTCA following administrative exhaustion. The United States responds that this case is controlled by *McNeil*, because *McNeil* concerned a prematurely filed FTCA claim, while *Valadez-Lopez* did not.

We do not agree that *McNeil* controls here.   Unlike the plaintiff in *McNeil*, D.L. first filed his malpractice suit in state court; at the time, he was not aware that one of the defendants was an employee of the United States.   Accordingly, D.L. did

not institute an action "upon a claim against the United States" before exhausting his administrative remedies when he first filed suit. *See* 28 U.S.C. § 2675(a). And when it became clear from the United States' removal that D.L.'s claim against Dr. Bencomo was subject to the FTCA's exhaustion requirement, the district court, unlike the court in *McNeil*, did not retain jurisdiction over the premature FTCA complaint until it ripened upon administrative exhaustion. Rather, D.L. stipulated to dismissal of the premature FTCA claim, and the district court remanded the remaining state-law negligence claims against the other defendants. No premature FTCA claim against the United States remained pending in federal court. Though the United States analyzes the federal case initiated by the second removal as if it were a continuation of the federal case initiated by the first, the second removal actually constituted a new federal case, with a new case number and a new docket in the federal district court.

Federal jurisdiction under the FTCA is determined at the time of removal. This court noted in *Staple v. United States*, 740 F.2d 766 (9th Cir. 1984), that the FTCA's exhaustion requirement does not extend to state court suits against non-government defendants. *Id.* at 768. From that premise, we concluded that:

> It follows that the issue of federal court jurisdiction under section 2675(a) does not arise until after removal to district court, for only there does the action become one against the United States. Here the Attorney General's certification and removal of the state court action occurred well after the USPS denied Staple's claim on January 9,

> 1981, thereby exhausting plaintiff's administrative remedy. We hold, therefore, that jurisdiction under section 2675(a) is determined as of the date that the Attorney General removes the suit to federal court, rather than the date the plaintiff files the action against the driver in state court.

*Id*. Accordingly, we held in *Staple* that the federal district court had jurisdiction over a case that was removed after exhaustion had occurred, even though the plaintiff had filed the suit in state court before exhausting her administrative remedies. *Id*.

*McNeil*, which was decided after *Staple*, did not address this issue and therefore did not overturn *Staple*. In *McNeil*, the Court was careful to clarify that, "As the case comes to us, we assume that the Court of Appeals correctly held that nothing done by petitioner after the denial of his administrative claim on July 21, 1989, constituted the commencement of a new action. The narrow question before us is whether his action was timely either because it was commenced when he lodged his complaint with the District Court on March 6, 1989, or because it should be viewed as having been 'instituted' on the date when his administrative claim was denied." 508 U.S. at 110–11. *McNeil*, thus, did not speak to whether the Government's removal of an amended state court complaint would qualify as the institution of an action under § 2675(a).

Similar to *Staple*, in this case, when the United States removed D.L.'s action for the second time, that removal properly "invoked the federal court's jurisdiction *under the FTCA*" only after D.L. had exhausted his administrative

remedies. *Valadez-Lopez*, 656 F.3d at 856 (quoting *McNeil*, 508 U.S. at 108) (internal quotation marks omitted).

Moreover, as D.L. points out, in *Valadez-Lopez* this court rejected the very argument that the United States now makes in this case – that the FTCA's exhaustion requirement demands that a plaintiff institute an entirely new action after exhausting his administrative remedies. The court summarized the government's argument this way:

> Although it portrays its argument . . . as one founded on failure to exhaust administrative remedies, the government's central thesis is that "[t]he filing of an amended complaint is not the equivalent to instituting an action *following* the exhaustion of administrative remedies." (Emphasis added.) The government reasons that the court is required to dismiss the FTCA claim in the amended complaint and to require the plaintiff to file an entirely new lawsuit founded on the same nucleus of facts.

656 F.3d at 855–56. This argument, the court concluded, "finds support in neither the plain language of the statute nor in the law of our circuit." *Id*. at 856. Specifically,

> There is nothing in the statute or our case law that would prevent a plaintiff from amending an existing complaint asserting non-FTCA claims to name the United States as a defendant and include FTCA claims once those claims have been administratively exhausted. . . . *McNeil* ought not be read as

> preventing a plaintiff who wishes to state a number of federal and state law claims against an array of defendants from filing a complaint alleging common facts and amending it after exhaustion to state an additional claim under the FTCA. Such a reading would require undue acrobatics of such a plaintiff, given the different statutes of limitations at play.

*Id*. at 856–57. Indeed, the FSHCAA's removal provision specifically contemplates that tort claims inadvertently brought against federal public health workers will be converted to federal FTCA cases through substitution and removal, not through dismissal and the filing of a second, separate case. 42 U.S.C. § 233(c). And the exhaustion requirement's goal of "reduc[ing] unnecessary congestion in the courts," *McNeil*, 508 U.S. at 112 & n.8, would be undermined, not served, by a rule requiring FTCA litigants to maintain parallel malpractice suits, against different defendants but involving the same events, in state and federal court.

Accordingly, we hold that the district court erred in dismissing for lack of subject-matter jurisdiction D.L.'s administratively exhausted FTCA claim following the United States' second removal.

**REVERSED AND REMANDED.**