NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEROY CARR, | No. 17-15917 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-2110-JAM-CKD |
| v. | |
| LEONARDO GIRON, M.D., *et al.*, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted October 16, 2018[**]
San Francisco, California

Before: HAWKINS and HURWITZ, Circuit Judges, and ROSENTHAL,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Lee H. Rosenthal, Chief United States District Judge for the
Southern District of Texas, sitting by designation.

Leroy Carr, a federal prisoner, sued the government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.*, alleging medical malpractice. Carr also sued prison officials under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging Eighth Amendment violations.

The district court dismissed Carr's Eighth Amendment claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. The district court dismissed Carr's FTCA claim under Rule 12(b)(1) for lack of subject-matter jurisdiction because he failed to exhaust administrative remedies. Carr timely appealed. We have jurisdiction of Carr's appeal under 28 U.S.C. § 1291. Applying *de novo* review, *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927–28 (9th Cir. 2017), we affirm the dismissal of the *Bivens* claims, reverse the dismissal of the FTCA claim, and remand.

Carr argues that two physicians employed by the Bureau of Prisons violated the Eighth Amendment by classifying his injury as "non-emergent" rather than as "acute or emergent," denying him better pain medication, and failing to prescribe physical therapy. To plead an Eighth Amendment violation, Carr must allege facts showing that the doctors exposed him to a substantial risk of serious harm and were deliberately indifferent to his constitutional rights. *Mendiola–Martinez v.*

2

*Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016). It is not enough that a prison official failed "to alleviate a significant risk that he should have perceived but did not"; rather, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994). A difference in opinion between a prisoner and medical personnel on treatment is insufficient. *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). Carr's complaint, at most, shows his disagreement with the physicians' medical approaches. *See id.* The district court did not err in dismissing Carr's Eighth Amendment claims.

The district court dismissed Carr's FTCA claim because he failed to exhaust his administrative remedies before "instituting" his lawsuit.[1] Carr gave his complaint to prison officials for mailing to the federal district court one day before

---

[1] The FTCA provides:

> An action *shall not be instituted* upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . . The failure of an agency to make final disposition of a claim within *six months* after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added). "The FTCA's exhaustion requirement is jurisdictional and may not be waived." *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017).

3

the FTCA's jurisdictional six-month exhaustion period expired. Carr contends that he satisfied the jurisdictional requirement because the court received his complaint two days after the exhaustion period expired.

In *Houston v. Lack*, 487 U.S. 266, 270 (1988), the Supreme Court established the prison-mailbox rule as an exception to the general rule that a document is filed when the Clerk of Court receives it. The Court held that a *pro se* prisoner's notice of appeal, docketed after the deadline, was "filed" when it was delivered to prison authorities for mailing to the federal court. *Id.* at 276. The issue is whether *Houston* applies when, as here, a prisoner delivers a complaint to prison officials before the exhaustion period ends, but the court receives it for filing just after it ends.

The prison-mailbox rule was created to addresses a prisoner's inability to control delay between the prisoner's delivery of complaint to prison officials for mailing to the court, and the prison's mailing it to the court. *Id.* at 270–71. But when the prisoner gives a complaint to prison officials just before an exhaustion period ends, and the complaint is received by the district court after the exhaustion period expires, an application of the prison-mailbox rule would punish, rather than protect, the prisoner's attempt to pursue his rights with diligence. *Houston* did not intend such a result.

4

The prison-mailbox rule does not apply to the facts of this case, and Carr therefore "instituted" his FTCA action when the district court received and docketed his complaint two days after the exhaustion period ended.  The district court erred in dismissing Carr's FTCA claim for lack of subject-matter jurisdiction.

**AFFIRMED in part, REVERSED in part, and REMANDED; each party to bear its own costs on appeal.**