NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STRICT SCRUTINY MEDIA CO., | No. 19-15372 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00734-MMD-WGC |
| v. | |
| CITY OF RENO, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted June 11, 2020
San Francisco, California

Before:  MILLER and HUNSAKER, Circuit Judges, and RAYES,** District Judge.

Plaintiff-Appellant Strict Scrutiny Media Co. (SSM) appeals the dismissal of

several of its claims and the grant of summary judgment for Defendant-Appellee

City of Reno (Reno) on the rest of its claims. We have jurisdiction under 28 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

§ 1291, and we affirm.

1.      The district court dismissed SSM's claims challenging Reno's ordinances governing on-premises[1] signs for lack of standing. We review standing decisions de novo. *Real v. City of Long Beach*, 852 F.3d 929, 933 (9th Cir. 2017). Standing requires (1) an injury in fact; (2) a sufficient causal connection between the injury and the defendant's conduct; and (3) a likelihood that the injury will be redressed by a favorable decision of the court. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014). In *Get Outdoors II, LLC v. City of San Diego*, we held that an outdoor advertising company had standing to challenge only those ordinances that applied to it. 506 F.3d 886, 892 (9th Cir. 2007).

Here, SSM—an outdoor advertising company specializing in securing leases and constructing billboards on the leased property for the purpose of renting them to third parties—failed to demonstrate the on-premises ordinances apply to its business. SSM's operative pleading alleges it suffered harm from Reno's ban on new off-premises advertising displays. Specifically, SSM alleges it has lost revenue from third parties seeking to rent advertising space. SSM has not alleged

---

[1] Reno's Land Development Code (RLDC) defines on-premises signs, in pertinent part, as those "created for the purpose of advertising . . . the commercial interests of any person . . . which is principally sold, available or otherwise provided on the premises on which the [sign] is located." RLDC § 18.24.203.4570(29). Off-premises signs, on the other hand, are those that advertise commercial interests *not* available on the same premises as the sign. *See id.* § 18.24.203.4570(24).

that this harm arises from the on-premises ordinances, nor has it alleged that it suffers any other harm because of those ordinances. Thus, SSM lacks standing to challenge the on-premises ordinances, *see id.*, and the district court did not err in dismissing SSM's claims related to those ordinances.[2]

2.  SSM also challenges the district court's dismissal of various allegations and claims as beyond the scope of amendment the district court permitted in its first dismissal order. We review this issue for abuse of discretion. *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). The district court's order dismissing the First Amended Complaint (FAC) with leave to amend could have been clearer regarding which claims SSM could amend and which it could not. But SSM's briefing on this issue could hardly be more enigmatic. Like the district court, we spent "extensive time" attempting to "untangl[e]" SSM's allegations and arguments made both here and below to little avail. Indeed, we do not fault the district court for trying to impose some order on

---

[2] Reno now argues SSM's claims are moot because the existing signs SSM had—which were on-premises signs—were ordered removed by a Nevada state court in litigation between SSM and the property owner where the signs were located and SSM's time to appeal that decision has passed. We need not reach this issue as it relates to the on-premises sign claims due to our decision on standing. And we conclude that these recent events, even if true, do not render moot SSM's claims related to the off-premises sign ordinances because SSM's allegations indicate it faces a threat of future harm and has a continuing "personal stake" in the outcome of this litigation. *See Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1099 (9th Cir. 2008).

SSM's constantly shifting arguments. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 859 (9th Cir. 2011) (concluding a district court need not "piece together a theory of liability from a string of unrelated and incoherent assertions"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992) (noting "[d]istrict courts have the inherent power to control their dockets"). "We will not manufacture arguments for [SSM]," and we hold that SSM waived its scope-of-amendment challenges by failing "to present a specific, cogent argument for our consideration."[3] *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (citation omitted).

3.     Finally, SSM challenges the denial of its partial motion for summary judgment and grant of Reno's motion for summary judgment. Our above analysis resolves most of SSM's arguments regarding its partial motion for summary judgment. Additionally, we agree with the district court that the off-premises ordinances are not content-based restrictions favoring certain types of speech over others and that SSM's arguments to the contrary are based on a misunderstanding of the on-premises/off-premises distinction, which applies only to commercial speech. Reno's ban on off-premises billboards applies only to billboards "created

---

[3] Because we cannot determine on the record presented that the district court erred in limiting the scope of claims SSM could amend when it dismissed the FAC, we do not address whether the district court erred in dismissing without prejudice new claims asserted in SSM's Second Amended Complaint as beyond the scope of allowed amendment.

for the purpose of advertising or promoting the commercial interest of any person . . . which is not principally sold, available or otherwise provided on the premises." RLDC § 18.24.203.4570(24). This is a commercial speech restriction. *See Coyote Pub'g, Inc. v. Miller*, 598 F.3d 592, 598 (9th Cir. 2010) (explaining commercial speech does "no more than propose a commercial transaction"). As such, the district court did not err in evaluating SSM's challenge to the off-premises ordinances under *Central Hudson*'s[4] test for commercial speech, rather than *Reed*'s[5] strict scrutiny standard. And, on appeal, SSM does not challenge the merits of the district court's *Central Hudson* analysis. Accordingly, we conclude the district court did not err in granting Reno's motion for summary judgment.

Appellee's motions for judicial notice [Dkt. 41 & 44] are denied.

**AFFIRMED.**

---

[4] *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557 (1980).
[5] *Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015).