**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LORETTA TAYLOR; ATLANTICA
KAHAUNANI TANUVASA,

                    Plaintiffs-Appellants,

   v.

HIROMICHI KOBAYASHI, individually
and in his official capacity; et al.,

                    Defendants-Appellees,

 and

MIKAEL RIVERA, individually and in his
official capacity; et al.,

                    Defendants.

No.   22-16017

D.C. No.
1:20-cv-00224-DKW-KJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, Chief District Judge, Presiding

Submitted February 14, 2023[**]
Honolulu, Hawaii

Before:  BEA, COLLINS, and LEE, Circuit Judges.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellants Loretta Taylor and Atlantica Kahaunani Tanuvasa alleged that they were sexually assaulted by correctional officer Mikael Rivera while serving sentences at the Federal Detention Center in Honolulu. While the United States Department of Justice investigated these allegations, Appellants sued Rivera for damages and ultimately settled with him. Appellants also pursued (1) *Bivens* claims against warden Hiromichi Kobayashi and correctional officer Edward Balacua for failing to train and supervise Rivera and for not adequately responding to Appellants' complaints, and (2) a Federal Tort Claims Act (FTCA) claim against the United States. They now appeal the district court's dismissal with prejudice of both claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    The district court did not err in dismissing Appellants' *Bivens* claims.

The district court correctly dismissed Appellants' claims as "not cognizable" under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because the claims arose in a "new context" and "special factors" counsel hesitation in extending *Bivens* to that context. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1859–60 (2017). There are "alternative remedies for aggrieved parties in [Appellants'] position that independently foreclose a *Bivens* action here." *Egbert v. Boule*, 142 S. Ct. 1793, 1806 (2022). This includes the Bureau of Prisons' formal review process for inmate complaints. 28 C.F.R. § 542.10(a). "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an

adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy." *Egbert*, 142 S. Ct. at 1807.

2. The district court did not err in dismissing Appellants' FTCA claims.

The district court correctly dismissed Appellants' FTCA claims for lack of subject matter jurisdiction because Appellants failed to present a sum certain damages claim in writing to an appropriate agency before filing their FTCA claims. *See* 28 U.S.C. §§ 2401(b), 2675(a); *Blair v. I.R.S.*, 304 F.3d 861, 864 (9th Cir. 2002). This exhaustion requirement "is jurisdictional and may not be waived." *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017). We review de novo the district court's dismissal for lack of subject matter jurisdiction. *In re Dynamic Random Access Memory Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008).

Appellants concede that they did not comply with the FTCA's exhaustion requirement. Instead, they argue that they "attempted to exhaust administrative remedies but were thwarted and threatened and retaliated against." Even accepting these allegations as true, Appellants have cited no case in which we (or any other court) have overlooked the requirement that an FTCA claim be filed with the appropriate agency before filing suit in federal court. At most, Appellants' allegations might be read to suggest that, if they now complied with that exhaustion requirement, they could be entitled to some measure of equitable tolling of the time frame in which they were required to file their claims with the Bureau of Prisons.

*See United States v. Kwai Fun Wong*, 575 U.S. 402 (2015) (holding that the two-year statute of limitations in 28 U.S.C. § 2401(b) may be equitably tolled). But Appellants bear the burden of proving entitlement to equitable tolling, *see Redlin v. United States*, 921 F.3d 1133, 1140 (9th Cir. 2019), and have presented no allegations, proof, or argument on this front. The district court did not err.

3.   <u>The district court did not abuse its discretion by dismissing Appellants' claims without leave to amend.</u>   Although "[t]he standard for granting leave to amend is generous," *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011), "leave to amend is not to be granted automatically," *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). "We review the denial of leave to amend for an abuse of discretion, but we review the question of futility of amendment de novo." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016) (cleaned up). "Under a futility analysis, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Corinthian Colls.*, 655 F.3d at 995 (cleaned up).

Here, Appellants "failed to set forth any facts"—before either the district court or this court—which they "could add to save [their] complaint." *Janas v. McCracken* (*In re Silicon Graphics Inc. Secs. Litig.*), 183 F.3d 970, 991 (9th Cir. 1999), *superseded by statute on other grounds*. *See also Halkin v. VeriFone Inc.*

4

*(VeriFone Secs. Litig.)*, 11 F.3d 865, 872 (9th Cir. 1993) (plaintiffs failed to "point to facts which might be added to save their complaint"); *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009) (plaintiffs failed to propose any "new facts or legal theories" for an amended complaint). Instead, Appellants argue again that the district court erred by not finding their *previous* pleadings "presented a colorable claim." Thus, the district court did not abuse its discretion when it dismissed Appellants' second amended complaint without leave to amend.

**AFFIRMED.**